### POIS et al. v. LANGFORD et al.

#### No. 1324.

Court of Civil Appeals of Texas. Eastland.

Oct. 12, 1934.

Rehearing Denied Nov. 9, 1934.

T. R. Boone and Kearby Peery, both of Wichita Falls, for plaintiffs in error.

Bullington, Humphrey & King, of Wichita Falls, for defendants in error.

HICKMAN, Chief Justice.

This suit was instituted by plaintiffs in error against W. S. Langford for judgment on a promissory note, and for the foreclosure of a lien upon some jewelry theretofore delivered by Langford to them as a pledge to secure the payment of the note. Mrs. Jewel Langford, wife of W. S. Langford, intervened in the suit, claiming the jewelry as her separate property and praying for title thereto and possession thereof. In the alternative, in case said jewelry had been converted by her husband and the plaintiffs in error, she sued for its market value, alleged to be $2,500. In reply to this petition in intervention, the plaintiffs in error alleged that Langford was authorized by his wife to pledge this jewelry, and alleged that Mrs. Langford was estopped to claim same as against them, because of the following facts: That the jewelry was kept in a safety deposit box in the First National Bank in Wichita Falls; that intervener's husband, W. S. Langford, had access to her box; that during the year 1931 he took from said box $20,000 worth of bonds belonging to her; and that thereafter, with full knowledge of this fact, she permitted him to carry the key to her box and use the same.

The case was submitted to a jury upon special issues, hereinafter to be more particularly noticed, and judgment was rendered on the answers to these issues in favor of plaintiffs in error against W. S. Langford for the principal, interest, and attorney's fees on the note, but a foreclosure of their alleged lien upon the jewelry was denied. The intervener, Mrs. Jewel Langford, was awarded title and possession of the jewelry. No question is presented here relative to the judgment against Langford on the note, but complaint is made of that portion of the judgment denying a foreclosure and awarding the jewelry to Mrs. Langford.

Five propositions are contained in the brief. The first two present the contention that the verdict of the jury was insufficient to warrant a judgment in favor of the intervener. The jury, by its answers, determined the following facts: (a) That the jewelry was given to Mrs. Langford by her husband prior to the time it was pledged to plaintiffs in error; (b) that Mrs. Langford did not authorize her husband to pledge it; (c) that prior to January 1, 1932, Langford took from the lock box in the First National Bank bonds of the approximate amount of $20,000, belonging to the intervener, without her knowledge and consent; (d) that she knew of this fact prior to January 1, 1932; (e) but did not thereafter allow or permit her husband to keep the key to said lock box and have access to the contents thereof.

■■ The contention of plaintiffs in error is that an issue should have been submitted to the jury as to whether Mrs. Langford was in possession of the jewelry in May, 1932, when her husband removed same from the safety deposit box and pledged it. This contention is based upon the construction given to article 3998, R. S. 1925, reading as follows: "No gift of any goods or chattels shall be valid unless by deed or will, duly acknowledged or proven up and recorded, or unless actual possession shall have come to, and remained with, the donee or some one claiming under him."

As we understand the specific contention, it is that there was some evidence that the safety deposit box in the bank was rented by Langford, as a consequence of which the jewelry in that box was in his possession, and that, under the proper construction of this article of the statute, when the possession ceased to remain with Mrs. Langford, the original gift became invalid as against plaintiffs in error. Wherefore, it is argued, the issue of whether possession remained with Mrs. Langford should have been submitted to the jury. We are not in agreement with this view. The issue of possession was but an evidentiary issue comprehended within the ultimate issue of ownership, but, if regarded as being within itself an ultimate issue, it was submitted to the jury as special issue No. 7, wherein the jury was asked to determine whether or not Mrs. Langford, after learning that her husband had taken her bonds from the deposit box, had allowed and permitted him to keep the key to the box and have access to the contents thereof. To this issue

the jury answered "No." The answer was abundantly supported by the testimony, which discloses that Mrs. Langford actually took the key from her husband, but he found another one in his office which would unlock the box and, by the use of it, took the jewelry therefrom. The question may not have been a perfect submission of the issue as to whether possession remained with the donee, but no objection was lodged thereto, and we could not hold that there was a total failure to submit any issue at all on the question of possession. The rule of law contended for by plaintiffs in error has application only when there has been a total failure to submit an issue essential to recovery, and does not apply when the issue has been submitted imperfectly. This holding renders it unnecessary for us to construe the statute above quoted, but we think it not inappropriate to observe that, to our minds, it is not reasonably susceptible of a construction which would invalidate a gift from a husband to his wife merely because she permits him to have access to the place where the gift is kept. This is true for several reasons, one of which is that, under such circumstances, possession remains with the wife. No useful purpose would be served by a further discussion of this statute. Propositions 1 and 2 are overruled.

█ Propositions 3 and 4 complain of certain provisions in the judgment. For an understanding of the questions presented by these propositions, this statement should be made: The intervener sued for the title and possession of the jewelry, and, in the alternative, in case said jewelry had been converted, she sued for the market value thereof, alleged to be $2,500. Upon the trial of the case the jewelry was produced in the courtroom and examined by the jury, and it was established by undisputed evidence that same was in the possession of the plaintiffs in error. No issue was therefore submitted to the jury as to value. In the judgment the court found that the jewelry was of a special value to the intervener, and it is contended that this finding was without support in the pleadings, evidence, or verdict. The judgment decreed that execution and mandatory writ of injunction issue, or-

dering and commanding the plaintiffs in error to deliver the jewelry to any sheriff or constable of Wichita county, Tex., demanding the same under such writ, and it is contended that there was no pleading authorizing the granting of a mandatory writ of injunction. Plaintiffs in error were not prejudiced by these provisions of the judgment, for, if the finding that the jewelry was of a special value to the intervener and the order for writ of mandatory injunction were both stricken therefrom, there would still remain a valid and enforceable judgment against them. In so far as the validity of this judgment is concerned, both of these provisions may be regarded as surplusage. The judgment awarded the intervener title to and possession of the jewelry and authorized the issuance of execution. Having entered that decree, the trial court is not impotent to enforce it, but has the authority to order the issuance of such writ or writs as may be necessary to give it effect. Voigtlander v. Brotze, 59 Tex. 286; Lockridge v. Baldwin, 20 Tex. 303, 70 Am. Dec. 385; City of Dallas v. Wright, 120 Tex. 190, 36 S.W.(2d) 973, 77 A. L. R. 709. Plaintiffs in error have stayed execution by a supersedeas bond. If and when this judgment becomes final and the sheriff presents to them a writ of execution, they will deliver the property to him, and we must not assume that they will refuse to do so. These propositions are overruled.

█ Proposition No. 5 is as follows: "Where a preponderance of the evidence is to the effect that an intervenor authorized a defendant to pledge certain jewelry, a contrary finding by the jury thereto cannot stand, and a judgment based thereon is erroneous." We have examined the statement of facts, and find that the evidence well supports the jury's finding. Both Langford and his wife testified positively that he had no authority to pledge this jewelry. That testimony certainly raised an issue of fact for the jury's determination. This proposition is overruled.

Having considered and overruled all of the propositions, it is ordered that the judgment of the trial court be affirmed.