**SHULTZ et al. v. DALLAS POWER & LIGHT CO.**

No. 12934.

Court of Civil Appeals of Texas. Dallas.

Dec. 14, 1940.

Rehearing Denied Feb. 8, 1941.

YOUNG, Justice.

In brief, this record is the tragic story of two accidental deaths by electrocution. The second casualty only is dealt with in this action, suit being by the surviving widow and parents of Marvin Shultz, deceased, who, on June 29, 1938, had been employed by the Dallas Park Board, along with other laborers, on the Dallas State Fair. grounds. Adjacent to the Chrysler building on these grounds was a concrete vault, some thirty feet long, thirteen feet in width and height, and uncovered. Therein was housed a transformer, electrical equipment, cables and wires of appellee Power Company, carrying electricity of high voltage. A door at the end, always locked, led into the vault, and at various places, within and without, were signs indicating danger and nature of the contents. Around the wall outside was shrubbery, placed there and maintained by the Park Board; also, wooden boxes filled with earth were affixed some four feet up the wall and atop thereof, for shrubs and flowers. The two men, Albino Lazano and Marvin Shultz, whilst engaged in their duties for the Park Board, were at this particular place, cleaning out these plants and flower beds. Lazano went to the top of the vault wall for such purpose and, in some way, his hoe fell inside. Shultz, being apprised of his fellow-workman's predicament, secured a long wire for use by Lazano in "fishing" for the hoe from his position on the wall. In some way, the wire connected with a 2,300 volt current from a cable leading into the transformer, Lazano being thereby fatally shocked. Shultz immediately attempted to free Lazano from the charged wire, came in contact therewith, and was also killed.

Appellants' trial petition alleged various acts and omissions of the Power Company, resulting in the death of Marvin Shultz; on the trial, relying principally upon their requested issue No. 7, reading: "Gentlemen of the Jury, do you find and believe from a preponderance of the evidence that the defendant was negligent in having its transformers connected with cables, charged with high voltage of electricity, located in an uncovered vault at the time and place where Marvin Shultz was electrocuted?" Issue No. 1 of the charge, concerning defendant's negligence, is quoted: "Do you find and believe from a preponderance of the evidence that the failure of the defendant to cover the transformer vault in question in this case, was negligence as the term

James D. O'Connor, Robert A. Wilson, and Robert M. Vaughan, all of Dallas, for appellants.

W. Autry Norton, Irion Worsham, and Worsham, Burrow & Worsham, all of Dallas, for appellee.

'negligence' is herein defined?" The substance of other issues and jury answers thereto, upon which the court's judgment was based, is: That the failure of defendant to place upon the north wall of said transformer vault visible signs indicating the presence of danger to one working around 'or on top of said vault, was not negligence; deceased, Marvin Shultz, caused a large wire to be carried up over the wall of the transformer vault and pushed into the enclosure, which was negligence proximately contributing to his death; Shultz, in attempting to rescue Albino Lazano from a position of peril, acted in a rash and reckless manner; the death of Shultz was not due to an unavoidable accident; neither the act of Lazano in bringing the wire into contact with the transformer cable, nor in lowering it into the vault, was the sole proximate cause of Shultz's death.

The propositions of appellants under their various assignments of error urge, in effect, (1) that Issue No. 1 of the charge failed to include a material fact relative to the uncovered vault, with resultant error in the court's refusal of plaintiff's requested Issue No. 7 on the subject; also, that subsidiary Issue No. 10, on proximate cause, should have been given in connection with plaintiff's Issue 7, above quoted; (2) Issues 5, 6 and 7 of the charge were erroneously submitted, there being no evidence that Marvin Shultz "caused a large wire to be carried up over the wall of the transformer vault and pushed into the enclosure"; the words· just quoted at least constituting a comment upon the weight of the evidence; (3) fundamental error appeared from submission of Issue No 1, because defendant's primary negligence was established as a matter of law.

■ Appellants first contend for reversible error in the court's rejection of their requested Issue No. 7; the issue as given (No. 1) not including the element of the transformer being "connected with cables, charged with high voltage of electricity * * *." The contents of this cement vault were alike described in the pleadings of all parties to the suit, and that a high voltage of electricity was ever present in the equipment was potently demonstrated by the fatal consequences that followed a contact therewith. The existence of such high voltage current being self-evident, the only question for the jury's determination was of negligence, or not, in the maintenance of such instrumentalities in an uncovered vault. This ultimate fact was presented in the given issue where the inquiry concerned· the vault in its then condition, and no prejudicial effect could have followed the court's use of different words to express the same meaning. 41 T. J. (Trial-Civil Cases) sec. 266, p. 1087; Luling Oil & Gas Co. v. Edwards, Tex.Civ. App., 32 S.W.2d 921; Borden v. Pelipchyk, Tex.Civ.App., 243 S.W. 1109. It further appears that no objection was made in the trial court to Issue No. 1, as given. Even assuming that it imperfectly embodied the fact situation, the applicable rule is that, "Whenever the court submits an issue incorrectly, and same is not objected to, then there is no error in the refusal of the court to give in addition thereto a requested special issue on the same subject, although correct." St. Louis Southwestern Ry. Co. of Texas v. Hill Bros., Tex.Civ.App., 80 S.W. 2d 432, 434; Miller v. Fenner, Beane & Ungerleider, Tex.Civ.App., 89 S.W.2d 506; Pois v. Langford, Tex.Civ.App., 75 S.W. 2d 971; Isbell v. Lennox, 116 Tex. 522, 295 S.W. 920.

■ Likewise, appellants' proposition suggesting fundamental error, i. e., negligence of defendant as a matter of law, cannot be considered under both pleadings and evidence. No breach of statutory duty was shown; the consistent position of appellants throughout this litigation having been that the uncovered condition of the vault presented a jury question.

■ Submission of various issues on contributory negligence is complained of, as assuming facts not in evidence; but, even if such be error and the Power Company concededly negligent, which is all that appellants could contend, yet the finding that deceased acted in a rash and reckless manner on the occasion in question is alone sufficient to support the court's judgment. This jury answer is nowise challenged in the record. It is well settled that a plaintiff undertaking to rescue one from a perilous situation created by another can recover despite his own contributory negligence; but not so, if his actions be rash or reckless. International & G. N. R. Co. v. McVey, Tex.Civ.App., 81 S.W. 991; Gulf, C. & S. F. Ry. Co. v. Brooks, 63 Tex.Civ. App. 231, 132 S.W. 95; Texas & N. O. R. v. Scarborough, Tex.Civ.App., 104 S.W. 408; Wichita Falls Traction Co. v. Hibbs, Tex.Civ.App., 211 S.W. 287; Panhandle

& S. F. Ry. Co. v. Haywood, Tex.Civ.App., 227 S.W. 347.

No reversible error is disclosed by appellants' assignments and propòsitions, wherefore this cause must be affirmed.

Affirmed.