Stanley Gene HALE, Appellant,

v.

D. L. BURGESS, Appellee.

No. 5117.

Court of Civil Appeals of Texas, Waco.

March 30, 1972.

Gardere, Porter & DeHay, Edward E. Crowell, Jr., Dallas, for appellant.

Charles L. Caperton, Bean, Francis, Ford, Francis & Wills, Gerald W. Livingston, Dallas, for appellee.

OPINION

HALL, Justice.

This is a venue case. The suit was brought by D. L. Burgess against Stanley

Gene Hale for damages for personal injuries sustained by Burgess when he was allegedly struck by a motorist (not a party to this lawsuit) on Central Expressway in Dallas County while he was directing traffic around the scene of a two-car collision alleged by Burgess to have been caused by the negligence of Hale, upon the theory that at the time he was injured Burgess was acting as a rescuer. Hale filed a plea of privilege to be sued in Grayson County, the county of his residence; and Burgess filed a controverting plea contending that venue properly lay in Dallas County under the provisions of Subd. 9a, Article 1995, Vernon's Ann.Texas Civil Statutes. After a hearing the plea of privilege was overruled.

Hale challenges the order overruling the plea of privilege, contending that the evidence is legally insufficient, or, alternatively, factually insufficient, to support the implied findings of the trial court that (1) he committed a negligent act or omission in Dallas County, or (2) that any negligent act or omission committed by him was a proximate cause of the injuries sustained by Burgess.

Burgess pleaded that on the occasion in question Hale negligently caused the automobile he was driving to collide with an automobile being operated by Jerome Leon Scruggs "at a site located on the Central Expressway North, in Dallas County, Texas, near the University Boulevard Overpass thereon"; that, specifically, Hale (1) failed to keep a proper lookout, (2) failed to make timely application of the brakes on his car, (3) drove his automobile at an unreasonable speed, (4) failed to turn his vehicle to the left or right to avoid the collision, and (5) operated his automobile while intoxicated; that the collision "created imminent danger and hazard to the lives and property of persons operating oncoming northbound automobiles," as well as to Hale and Scruggs, "in that the automobiles in collision blocked and prevented safe passage of others by them under the circumstances then existing"; that, as a result of the collision, Burgess, "in an attempt to rescue" Hale and Scruggs and oncoming motorists, "entered the ring of the hazard created by the * * * negligence of * * * Hale, in an effort to direct approaching traffic around the collision site and avert further loss of life or damage to persons and property"; that while attempting the alleged rescue, "and while exposed to injury thereby and as a direct and proximate result of * * * Hale's negligent collision," Burgess was struck by "an oncoming automobile" and, as a result, sustained disabling personal injuries; and that Hale's negligent acts and omissions, separately or collectively, were a proximate cause of those injuries.

 A proper testing of the evidence to determine whether it is legally sufficient to support the challenged findings requires that we consider only the evidence and inferences therefrom that support the findings and reject all contrary evidence and inferences; and a proper decision as to whether the evidence is factually sufficient to support the findings requires that we consider and weigh all of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W. 2d 660.

 The following facts find support in the record. Scruggs was driving his Chevrolet automobile north on Central Expressway in Dallas County at a speed of 40 to 45 miles per hour when he was struck from behind by an Oldsmobile automobile being operated by the defendant, Hale. Hale was drunk at the time, and later pleaded guilty to a charge of driving while intoxicated on this occasion. Scruggs was in the right lane of the two northbound lanes. The weather was clear and dry. The time of the collision was 1:00 o'clock A.M., but the area was "reasonably well lighted" by mercury lamps. The right-front portion of the Oldsmobile struck the left-rear corner of the Chevrolet. The point of impact was 98 feet north of the University Boulevard exit, but south of the place where University Boulevard passes over the express-

way. The collision caused the Chevrolet to fly into the air. It traveled 118 feet after impact, and ended upside down on the right shoulder, leaking gasoline, with Scruggs pinned in it. The Oldsmobile traveled 117 feet after impact. It came to rest with its front end "sticking into" the left lane, and its rear "almost touching" the Chevrolet. It completely blocked the right lane. Hale remained in it. The location of the vehicles after the collision was about halfway between the University Boulevard exit and the University Boulevard overpass. The left lane was passable after the collision but it would have been dangerous "for a vehicle to have passed that scene and site at the speed limit." Traffic traveling north on Central Expressway is on an upgrade until it reaches a point even with the University Boulevard exit; it then travels on a downgrade until it passes under University Boulevard, and motorists on the expressway at the first overpass south of the exit cannot see the roadway beyond the exit. "The relationship of the two automobiles to one another and to the roadway itself" created "a very bad hazard" to "oncoming motorists" that "necessitated protective action to prevent further damage"; and required that traffic be diverted "from the immediate roadway where the vehicles were." Burgess did not act imprudently; rather, the steps he took were in keeping with reasonable police procedures.

At the time of the collision, Burgess was, as he is now, an officer with the Dallas Police Department. He heard the crash of the vehicles from a side street and was the first observer on the scene. He saw Scruggs pinned in the Chevrolet, but was unable to extricate him. He saw the Oldsmobile blocking the right lane. He did not see Hale. He then stationed himself on the center line in the expressway at a point approximately even with the north edge of the University Boulevard exit and, using his flashlight, began directing approaching motorists in both lanes to the exit ramp, indicating to the motorists to "pull off the freeway onto the service road." He was in uniform. Four or five minutes after other officers arrived at the scene, Burgess, while still directing traffic, was struck by a Ford automobile and suffered serious injuries. Burgess testified that his reasons for going to the center of the expressway were "to warn oncoming motorists of the potential hazard which they would have been unable to see because of the rise and fall of the freeway at that location" and "to protect the lives and property of the people that were at the scene of the accident, and also the lives and property of people that may have been coming north on the freeway"; and that but for the collision and the hazard it created, he would not have positioned himself in the roadway.

We conclude that the evidence is legally sufficient to show that the collision between Hale and Scruggs was proximately caused by one or more negligent acts and omissions committed by Hale as pleaded by Burgess; and that, under the so-called "rescue doctrine," the evidence is legally sufficient to establish that Hale's negligence was a proximate cause of the injuries to Burgess.

Under the rescue doctrine, the proximate cause of injury to one who interposes in a reasonable effort to rescue persons exposed to imminent peril of life or limb by the negligence of another is the negligence which caused the peril, and not the intervention of the rescuer. This rule is recognized in Texas; Shultz v. Dallas Power & Light Co. (Tex.Civ.App., 1940, writ dism. judg. cor.) 147 S.W.2d 914, 916; Longacre v. Reddick (Tex.Civ. App., 1948, mand. overr.) 215 S.W.2d 404, 405; 40 Tex.Jur.2d 499, Negligence, Sec. 33; as it is in most jurisdictions. See Marshall v. Nugent (1st Cir. 1955) 222 F.2d 604, 612; 65 C.J.S. 929 Negligence § 63 (143); 57 Am.Jur.2d 609–610, Negligence, Sec. 229; 158 A.L.R. 196; 19 A.L.R. 13; Section 294, Comment (a), and Sections 443, 445 and 449, Comment (c) of the Restatement of Torts, Second Edition (1965).

A review of the entire record has convinced us that the evidence is factually sufficient to support the challenged findings.

All of Hale's points and contentions are overruled. The judgment is affirmed.