# NOVEMBER, 1915

## Houston Belt & Terminal Railway Company v. Frederick Johansen.

### No. 2414. Decided November 3, 1915.

**1.—Damages—Loss of Time—Wages Gratuitously Continued.**

Plaintiff, suing for damages from personal injuries by defendant's negligence, could recover for loss of time while disabled from work, though his regular wages, or more, during the period of his disability, were paid him by his employer, if this was done as a mere gratuity, but not otherwise; and the question whether such payment was gratuitous being, under the evidence, one of fact, it was properly submitted to the jury. (Pp. 339, 340.)

**2.—Negligence—Dangerous Premises—Licensee—City Fireman—Proximate Cause—Assumed Risk.**

By negligence of the servants of a railway in switching, a car containing combustibles (fireworks) was set on fire, causing continous explosions of its contents, by one of which plaintiff, a city fireman who had entered the premises for the purpose of extinguishing the fire, was injured. Held:

1. That he could recover from the railway company for damages so occasioned. Though he should be held to be a mere licensee on the premises, the company would be liable for any act of negligence on its part causing him injury. (P. 340.)

2. While defendant's act causing the explosion was committed before plaintiff reached the premises, the successive explosions set in motion thereby made the act one of a continuing nature, rendering it immaterial whether he came on the premises before such negligent act, or afterwards taking them as he found them. Denison Light and Power Co. v. Patton, 105 Texas, 621, distinguished. (P. 340.)

Error to the Court of Civil Appeals for the Eighth District, in an appeal from Harris County.

Johansen sued the Railway Company and recovered judgment which was affirmed on appeal by defendant, who thereupon obtained writ of error from the Supreme Court.

*Andrews, Ball & Streetman, A. L. Jackson,* and *Burns & Logue,* for plaintiff in error.—Johansen, having entered the position of danger on defendant's right-of-way and railroad without invitation, either expressed or implied, from the defendant, was at most a mere licensee under the law, and not within the rule which would require the owner of the premises to have them reasonably safe for those invited thereon; and the explosion having resulted from the necessary handling of freight which defendant was legally bound to accept and transport and deliver, and there being no proof of willful or wanton wrong or gross negligence on the part of defendant, causing the injury, it was not liable therefor, and a peremptory instruction in its favor should have been

given. City of Greenville v. Pitts, 102 Texas, 2; Dobbins v. M. K. &
T. Ry. Co., 91 Texas, 62; Railway Co. v. McDonald, 99 Texas 207;
Railway Co. v. Morgan, 92 Texas, 102; Galv. Oil Co. v. Morton, 70
Texas, 403; Railway Co. v. Mendoza, 60 S. W., 327; Railway Co. v.
Beauchamp, 95 Texas, 496; Railway Co. v. Shieder, 88 Texas, 152;
Casey v. Adams, 17 L. R. A. (N. S.), 776; Gibson v. Leonard, 17 L.
R. A., 588; Woodruff v. Bowen, 22 L. R. A., 198; Beehler v. Daniel, 18
R. I., 563, 29 Atl., 6; Sweeney v. Old Colony Ry. Co., 87 Am. Dec.,
644; Walker v. Railway Co. (Iowa Supreme Ct.), 33 N. W., 224.

The undisputed evidence showing that after the alleged negligent
acts of defendant on which this action is based had produced their
effect in causing the explosions to begin, and made the continuing dan-
gerous situation manifest, Johansen, with full knowledge of the occur-
rences and the dangers impending, left his position of safety, and
knowingly, at his own election, entered into the place of peril at which
he encountered the explosions, such voluntary act on his part, inter-
vening between the alleged negligence of defendant and his injury,
became itself the proximate and supervening cause, without which his
injury would not have occurred, thus leaving the alleged negligence of
defendant remote in its relation to the injury, and not actionable in
law. Seale v. Railway Co., 65 Texas, 275; Railway Co. v. Addison, 100
Texas, 241; Railway Company v. Bigham, 90 Texas, 223; Brush Elec-
tric Light Co. v. LeFevre, 93 Texas, 604; Railway Co. v. Reed, 88
Texas, 439; Railway Co. v. Neeley, 60 S. W., 282; Dawson v. Metal
Fireproof Co., 94 Texas, 424; Brandon v. Gulf City Cotton Press Co.,
51 Texas, 121; Railway Co. v. Ware, 67 Texas, 637; Railway Co. v.
Dobbins (T. C. A.), 40 S. W., 865; id., 91 Texas, 60; Smith v. Railway
Co., 24 Texas Civ. App., 92; Railway Co. v. Sweeney, 6 Texas Civ.
App., 177; S. A. & A. P. Ry. Co. v. Trigo, 101 S. W., 254; Milwau-
kee Ry. Co. v. Kellogg, 94 U. S., 469; Cook v. Johnston, 58 Mich.,
437, 25 N. W., 388; Eckert v. Railway Co., 3 Am. Rep., 725; Pegram v.
Seaboard Air Line Co., 139 N. C., 303, 51 S. E., 975; Berg v. Railway
Co., 70 Minn., 272, 73 N. W., 648; Graetz v. McKenzie, 9 Wash., 696,
35 Pac., 377; Carey v. Morrison, 65 L. R. A., 659; Leeds v. N. Y.
Telephone Co., 178 N. Y., 118, 70 N. E., 219; Chattanooga Light Co.
v. Hodges, 109 Tenn., 331, 60 L. R. A., 461; Pike v. Railway Co., 39
Fed., 255; G. C. & S. F. Ry. Co. v. Shields, 9 Texas Civ. App., 652,
29 S. W., 652.

The testimony was undisputed that from the date of plaintiff's in-
jury down to the trial he had received the same, and for a portion of
the time a greater salary than he was receiving at the time of his in-
juries; therefore plaintiff had not lost any time on account of his
injuries, and it was error for the court to submit such issue to the jury.

*John Lovejoy* and *Presley K. Ewing,* for defendant in error.—That
the plaintiff, having in reality lost his time, and been deprived of his

capacity to labor and earn the money, the payment of that money to him as a bounty or gratuity, through the city's grace, was not allowable as a credit to the wrongdoer, see Railway Co. v. Jarrard, 65 Texas, 560, 566; Railway Co. v. Gray, 137 S. W., 729, 731; Railway Co. v. Gerald, 128 S. W., 166, 170; Nashville, C. & St. L. Ry. v. Miller, 129 Ga., 453, 67 L. R. A., 87, 89; Watson on Damages for Personal Injuries, sec. 479, pp. 588-589. See, also, I. & G. N. Ry. Co. v. Haddox, 36 Texas Civ. App., 385, 387, 81 S. W., 1036; Gulf, W. T. & P. Ry. Co. v. Wittenbert, 104 S. W., 425; s. c., 101 Texas, 368; St. Louis & S. F. Ry. Co. v. Clifford, 148 S. W., 1163.

That the defendant owed the duty to abstain from a negligent act in handling the car, that was likely to do injury to any of the public coming within range of the explosion, much more to the plaintiff, who was there pursuant to a right and duty under a public ordinance, of which the defendant was bound to take notice, see Houston Belt & Terminal Railway Co. v. O'Leary, 136 S. W., 601, 604-605; Railway Co. v. Matthews, 99 Texas, 160, 172; Railway Co. v. Watkins, 88 Texas, 25; Washington v. Railway Co., 90 Texas, 314, 320; Railway Co. v. Turner, 99 Texas, 547, 554; Ollis v. Railway Co., 31 Texas Civ. App., 601, 73 S. W., 30; Railway Co. v. Boozer, 70 Texas, 537; Railway Co. v. Crosnoe, 72 Texas, 83; Lovett v. Railway Co., 97 Texas, 439; 21 Am. & Eng. Ency. of Law, 2nd ed., pp. 466-467, 470-471; Webb's Pollock on Torts, Am. ed., p. 642; 2 White on Personal Injuries, chap. 36, arts. 859-876, inc.; Patterson on Railway Accident Law, arts. 187-189; Davis v. Railway Co., 15 Am. & Eng. R. R. Cases, 425.

That the jury was justified in finding the handling of the car of dangerous explosives as done to be negligent, see Houston Belt & Terminal Railway Co. v. O'Leary, 136 S. W., 601, 604-605; Gulf, Colorado & Santa Fe Railway Co. v. Fowler, 122 S. W., 593, 595-596; Fort Worth & D. C. R. R. Co. v. Beauchamp, 95 Texas, 496, 58 L. R. A., 716, 93 Am. St., 864; Henry v. Cleveland, etc., R. Co., 67 Fed., 426; Farmers Loan & Trust Co. v. Oregon R. & Nav. Co., 73 Fed., 1003; Thompson's Negligence, vol. 1, sec. 759.

That the jury were warranted, if not compelled, to find that the negligent act was a proximate cause of the injuries to Johansen, he being himself not negligent, see Houston Belt & Terminal Railway Co. v. O'Leary, 136 S. W., 601, 604-605; Seale v. G. C. & S. F. Ry. Co., 65 Texas, 278; Cohen & Co. v. Rittimann, 139 S. W., 59, 61-62; San Antonio & A. P. Ry. Co. v. Trigo, 101 S. W., 254, 256; Railway Co. v. McComas, 36 Texas Civ. App., 170, 81 S. W., 761; Street's Personal Injuries, secs. 38, 40-42, and secs. 45-46; Watson's Personal Injuries, sec. 75; Cement Co. v. Reitzer, 135 S. W., 237, 239; 21 Am. & Eng. Ency. of Law, 2nd ed., 487.

That defendant owed to plaintiff the duty, if it be assumed that he was licensee only, to avoid injury to him from the positive acts of negligence of its agents, the switching crew, in handling the car, as submitted by the court and found by the jury, see Houston Belt & Ter-

minal Railway Co. v. O'Leary, 136 S. W., 601; Railway Co. v. Matthews, 99 Texas, 160, 172; Railway Co. v. Watkins, 88 Texas, 25; Washington v. Railway Co., 90 Texas, 314, 320; Railway Co. v. Turner, 99 Texas, 547, 554; Ollis v. Railway Co., 31 Texas Civ. App., 601, 73 S. W., 30; Railway Co. v. Boozer, 70 Texas, 537; Railway Co. v. Crosnoe, 72 Texas, 83; Lovett v. Railway Co., 97 Texas, 439; Webb's Pollock on Torts, Am. ed., p. 642; 2 White on Personal Injuries, chap. 36, arts. 859-876, inc.; Paterson on Railway Accident Law, arts. 187-189; Davis v. Railway, 15 Am. & Eng. R. R. Cases, 425.

Mr. Chief Justice PHILLIPS delivered the opinion of the court.

The suit was by Johansen, the defendant in error, on account of personal injuries suffered by him while in the discharge of his duty as a member of the fire department of the city of Houston by the explosion of combustible materials contained in a box car in the custody and charge of the plaintiff in error. The evidence warranted the conclusion that the explosion was caused by a sudden collision of the car with other cars, due to its being "kicked in" on the track where they were standing. The original explosion was followed by recurrent explosions of the contents, causing a fire in the car, as the result of which the contents were consumed and the car wrecked. The burning car threatened adjacent property, and, in response to an alarm, Johansen, with other members of the fire department went to the scene for the purpose of extinguishing the fire. While engaged in that duty and in proximity to the car, a further explosion of its contents occurred, of a violent character, causing his injury. The jury resolved against the plaintiff in error the issue of whether the explosion was caused by its negligent handling of the car, returning a verdict in Johansen's favor in the sum of $12,500.00, the verdict itemizing $2500.00 of that amount as allowed for lost time, an issue of damages submitted in the charge. The Honorable Court of Civil Appeals ordered a remittitur of $840.00 of the damages given for lost time, the judgment to be affirmed upon the remittitur being filed; and it was so filed. The writ of error was allowed on the petition of the Railway Company, on the ground there urged, that the undisputed evidence showed that during the whole of the time for which damages were allowed on account of lost time, that is from the date of the injury down to the time of the trial, Johansen had received the same, and during a part of the time a greater salary than he was receiving at the time of the injury. The charge of the court instructed the jury upon this feature of the damages that the plaintiff would only be allowed the reasonable value of time actually lost by him down to the time of the trial as the result of his injury, but that no deduction should be made of any amount paid him by the city as a mere matter of grace or gratuity.

If on account of his injury any time was actually lost by Johansen during this period, a finding favorable to him upon the other issues

submitted in the charge would have entitled him to damages in the amount of its reasonable value; and if during such period he was paid by the city, as a gratuity or bounty, the same or a greater salary than he was receiving when injured, the Railway Company was not entitled to the benefit of such payment. Missouri P. Ry. Co. v. Jarrard, 65 Texas, 560. There was a conflict in the evidence as to whether the amount paid by the city in that interval was a gratuity; and there was evidence that he actually suffered the loss of such time. This fully warranted the submission of the issue of lost time as a part of the recoverable damages.

The case is a companion one to that of Houston Belt & Terminal Railway Company v. O'Leary, 136 S. W., 601, with substantially the same questions involved, O'Leary being the chief of the fire department, and having been injured by the same explosion, causing his death. A judgment in favor of the wife and minor child of O'Leary was affirmed by the Court of Civil Appeals, and the petition of the Railway Company for writ of error denied by this court. In the present case the writ of error was allowed only because of the charge on the measure of damages. We do not find it necessary to discuss the other questions presented in the petition for writ of error. The case of Denison Light & Power Company v. Patton, 105 Texas, 621, 45 L. R. A. (N. S.), 303, 154 S. W., 540, urged by the learned counsel for the plaintiff in error as determining the question of its liability, has no controlling analogy. There Patton, without any right to do so, was making an unauthorized use of the Light Company's property; and it was held that the latter was under no duty of anticipating its use by him, or, in particular, such as would create the situation which caused his injury. Johansen was at the scene of the fire in the performance of a duty. If it be admitted that he was a licensee, the Railway Company would be liable for any act of negligence on its part causing him injury, since it was under the duty of refraining from such an act. If, for illustration, before any explosion had occurred, he had been engaged in extinguishing the fire in this car, and another car had been negligently run into it by the Company, causing the explosion, the issues of contributory negligence and assumed risk aside, there could be no question as to its liability. While the act which caused the original explosion was committed before Johansen reached the premises, in the nature of the case the successive explosions, set in motion by the original act, made it one of a continuing nature; and if it was a negligent act, as it was within the province of the jury to determine, the fact that Johansen went upon the premises after its commission, would not affect the question. His situation, as well as the duty of the Railway Company, was the same as if he had reached the premises before the first explosion occurred and it had caused his injury. It, therefore, can not be said that he went upon the premises dangerous at the time, and took them as he found them.

The judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*