**Paul D. PETERS and Janice W. Peters, Appellants,**

v.

**DETSCO, INC., Appellee.**

**No. B14–90–00644–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 27, 1991.

Rehearing Denied Jan. 2, 1992.

Keith M. Fletcher, Houston, for appellants.

James R. Scott, Richard F. Hightower, Kenneth S. Wall, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

JUNELL, Justice.

This is a premises liability personal injury suit for damages. The trial court granted summary judgment in favor of Detsco, Inc., defendant in the trial court. Paul D. Peters, the injured party, and his wife, Janice W. Peters, appeal. We reverse the judgment of the trial court and remand the case to that court for further proceedings.

The basis for our reversal of the summary judgment can be explained by setting forth the summary judgment proof and stating our reasons for holding that fact issues remain for decision by the trier of fact in the trial court.

## SUMMARY JUDGMENT PROOF

In late December, 1986, Circle–K, Inc. employed Detsco to perform a hydrostatic test to determine whether the underground gasoline storage tank was leaking. To do the requested testing, Detsco excavated an opening over the tank about three wide by ten feet long. To do this, Detsco removed the concrete over the top of the storage tank and hand dug down about three feet to the top of the tank. After determining that the tank was leaking, Detsco reported that fact to Circle–K and recommended that Circle–K have the tank pumped out and then repaired or replaced. Detsco did not perform the actual pumping out of the tank and was not requested to do so. Detsco was not in the business of repairing tanks. Circle–K made no decision concerning the repair or the replacement of the tank until after the accident involved in this case. Before leaving the premises on the day Detsco tested the tank for leakage,

Detsco placed a couple of four feet by eight feet sheets of plywood over the excavation, put dirt on top of the plywood and barricaded the ends and sides of the hole beneath the plywood so that no one would drive or walk off into the hole.

Detsco did not take any further action subsequent to leaving the premises that day because it was Circle–K's decision on how to proceed.

The accident in question occurred on April 9, 1987, more than three months after Detsco had tested the tank for leaks. During that period of time, Detsco had not been requested by Circle–K to do anything further with respect to the tank. On April 9, 1987, the tank floated up out of the ground. Circle–K called the Shoreacres Volunteer Fire Department to the scene because of the potential danger of a fire or explosion. Peters, a fire marshall with the Shoreacres Volunteer Fire Department, went to the scene after the fire chief and several fire fighters were already there. Peters was on the scene for about an hour before the accident occurred. Peters and the fire chief were standing only about a foot away from the edge of the hole from which the tank had floated up when the ground beneath Peters gave way. Peters and the fire chief had been standing there for three or four minutes before the ground gave way. When the ground gave way, Peters went straight down partially into the hole next to a piece of the plywood that had covered the excavation that Detsco had dug three months earlier. The plywood caught Peters underneath his ribs and he was dangling there. This was when Peters was injured. Immediately thereafter, the fire chief and another person jerked Peters back up out of the hole. Peters was the only one who fell. He was caught between the plywood and the edge of the dirt that had not fallen into the hole. Peters had no indication that the ground under him was about to give way. Before the accident occurred, Peters had walked into that same area once or twice before and others had also walked into that same area. Nothing in Peters's training or experience indicated to him that there was a danger of the ground giving way.

There was also summary judgment proof that Detsco employees were present at the scene before Peters arrived and after Peters arrived until he fell and was injured. There was no summary judgment proof from any of those employees.

## STATUS OF PAUL D. PETERS

In his petition Peters alleged that he was on the premises of Circle–K as a licensee of both Circle–K and Detsco. Under his pleadings, under the summary judgment proof, and under applicable Texas authorities, Peters was a licensee of both Circle–K and Detsco.

■ Circle–K was the owner or occupier of the premises. Under long standing Texas law, a fireman who enters on a premises to perform duties as a fire fighter is a licensee with respect to the duty of the owner or occupier to keep the premises in a safe condition. *Texas Cities Gas Co. v. Dickens,* 140 Tex. 433, 168 S.W.2d 208, 210 (1943); *Houston Belt and Terminal Ry. Co. v. O'Leary,* 136 S.W. 601 (Tex.Civ. App.—1911, writ ref'd). Therefore, Circle–K was a licensor and Peters was a licensee.

■ The Texas Supreme Court has held that a party such as Detsco, an independent contractor who for a time is put in control of a certain part of the premises in order to do certain work, is under the same duty to a licensee as the owner or occupier to keep the premise in a safe condition. *City of Denton v. Van Page,* 701 S.W.2d 831, 834 (Tex.1986). An independent contractor such as Detsco has the same duty, but not a higher duty, as the owner or occupier to keep the premises safe. See Restatement (Second) of Torts § 384 (1965). Therefore, the relationship between Detsco and Peters is that of licensor and licensee.

■ Generally, a licensor is under a duty not to injure a licensee by willful, wanton or gross negligence. *Lower Neches Valley Authority v. Murphy,* 536 S.W.2d 561, 563 (Tex.1976); *State v. Tennison,* 509 S.W.2d 560, 562 (Tex.1974); *Buffalo Marine Service, Inc. v. Monteau,* 761 S.W.2d 416, 420 (Tex.App.—Houston [14th

Dist.] 1988, no writ). However, an expansion of that duty arises when the licensor has actual knowledge of a dangerous condition that the licensee does not. In that instance the licensor owes a duty either to warn the licensee of the condition or make the condition reasonably safe. *Lower Neches Valley Authority v. Murphy;* 536 S.W.2d at 563; *State v. Tennison,* 509 S.W.2d at 562.

In our opinion, no dangerous condition arose until the storage tank floated up out of the ground. The dangerous condition that caused the injury to Peters was the danger that the ground where he was standing would give way because the tank had floated up, leaving a hole beneath the tank.

The burden on Detsco, the summary judgment movant, was to show by summary judgment proof that there was no fact issue concerning negligence of Detsco in failing to warn Peters of the dangerous condition after Detsco had actual knowledge thereof. The summary judgment proof showed that Detsco employees were on the scene after the tank floated up and for at least an hour after Peters arrived and before the accident occurred. These employees could have had actual knowledge of the danger that the ground beneath Peters might give way. Detsco's summary judgment proof did not negate that possible fact issue. If these employees had such actual knowledge, there would be a fact issue regarding their negligence in failing to warn Peters.

The summary judgment in favor of Detsco is reversed and the cause is remanded to the trial court.