CAMPUS MANAGEMENT, INC., Campus Inn, Ltd., Campus Inn, Inc., W. Dan Dipert, and Tom Cravens and Mary Cravens, as Co–Trustees of the Testamentary Trust of Carlisle Cravens, Appellants,

v.

Bobby A. KIMBALL, Appellee.

No. 2–97–348–CV.

Court of Appeals of Texas, Fort Worth.

May 27, 1999.

Rehearing Overruled June 24, 1999.

Touchstone, Bernays, Johnston, Beall & Smith, L.L.P., Sidney H. Davis, Jr., Walter J. Romano, Dallas, for Appellants.

David G. Hart, Chad Berry, Bedford, for Appellee.

1. The appellants in this case are Campus Management, Inc., Campus Inn, Ltd., Campus Inn, Inc., W. Dan Dipert, and Tom Cravens and Mary Cravens, as Co–Trustees of the

Before PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

### Introduction

In this premises liability case, we must decide whether a private party is liable to a publicly-paid fire fighter for injuries sustained while fighting a fire that was caused by the private party's ordinary negligence. Because a private party is not liable under these circumstances, we reverse the trial court's judgment against Campus Management, Inc.[1] (Campus) and render judgment that Bobby A. Kimball take nothing from Campus.

### Background and Procedural History

Kimball is a City of Arlington fire fighter who was injured while performing his duties at the Campus Inn Motel. The motel was owned by Campus and operated by Nitin and Sunil Jariwala. The fire started in a second-floor storage room, where mattresses were stacked against a boiler exhaust pipe. Campus knew how the mattresses were stored. Kimball was pulling down sheetrock to see how extensive the fire was when he was struck and injured by falling roof tiles.

As a result of his injuries, Kimball applied for and received $121,354.80 in worker's compensation benefits. In addition, Kimball sued both Campus and the Jariwalas, alleging that their negligence caused the fire that led to his injuries. The Jariwalas did not answer or appear at trial, but both Kimball and Campus were ably represented by trial counsel. Over Campus's objections, the trial court submitted the case to the jury as an ordinary negligence case, rather than a premises liability case, and included a jury instruc-

Testamentary Trust of Carlisle Cravens. In this opinion, we refer to them collectively as "Campus."

tion on the rescue doctrine.[2] The trial court also submitted a jury question on gross negligence but denied Campus's request for a jury question on a known dangerous condition.

The jury answered the ordinary negligence question in the affirmative, found Campus 5% negligent and the Jariwalas 95% negligent, and awarded Kimball $959,000 in compensatory damages. The jury found that neither Campus nor the Jariwalas acted with gross negligence. The trial court denied Campus's motion for judgment notwithstanding the verdict and rendered judgment awarding Kimball $959,050 in damages,[3] plus pre- and post-judgment interest and court costs. Campus is liable for $47,950 of the judgment, along with applicable interest and court costs. Only Campus appeals from the trial court's judgment; the Jariwalas do not.

In its first issue on appeal, Campus asserts that the Fireman's Rule precludes Kimball's recovery from Campus. Under the circumstances of this case, we agree.

### Texas's Fireman's Rule

■ Texas has long employed the Fireman's Rule in premises liability cases.[4] As we discuss below, the Texas version of the Fireman's Rule provides that a fire fighter is a licensee to whom a property owner or operator owes certain duties: not to injure the fire fighter by willful, wanton, or gross negligence; to warn of known dangerous

conditions of which the fire fighter is unaware; and not to injure the fire fighter through active negligence after the fire fighter arrives at the premises to combat the blaze.

### An owner/operator's duties to a fire fighter

■ Generally, a licensor is under a duty not to injure a licensee by willful, wanton, or gross negligence.[5] In this case, the jury found that Campus was not grossly negligent. Thus, Kimball cannot recover from Campus based on the general duty owed to a licensee.

There are, however, additional duties owed to licensees in certain circumstances. Texas courts have applied two additional duties to cases involving fire fighters.

#### *Known dangerous conditions*

■ When an owner/occupier has actual knowledge of a dangerous condition that the licensee does not, the licensor owes a duty to either warn the licensee of the condition or make the condition reasonably safe.[6] At least one Texas court has held that an owner/occupier owes this duty to a fire fighter.[7]

*Peters* was a summary judgment case. The court concluded the premises occupier knew of a dangerous condition that the fire fighter did not: that the ground where the fire fighter was standing might give way

---

2. Kimball contends Campus has waived its right to complain that the trial court erred by submitting the case to the jury as a simple negligence case, rather than as a premises liability case, because Campus did not object to the court's charge on ordinary negligence. But the record shows that Campus objected to the submission of the ordinary negligence issue and asserted Campus's duties were only those that a premises owner owed to a licensee. Campus asked the court to submit jury issues on a known dangerous condition and gross negligence and also objected to the instruction on the rescue doctrine.

3. Due to our disposition of this appeal, the $50 discrepancy between the jury's verdict and the trial court's judgment is irrelevant.

4. See Peters v. Detsco, Inc., 820 S.W.2d 38, 40 (Tex.App.—Houston [14th Dist.] 1991, writ denied); Houston Belt & Terminal Ry. Co. v. O'Leary, 136 S.W. 601 (Tex.Civ.App.1911, writ ref'd); see also Juhl v. Airington, 936 S.W.2d 640, 647 (Tex.1996) (recognizing that Texas has employed Fireman's Rule in premises liability cases) (Gonzalez, J., concurring).

5. See State v. Tennison, 509 S.W.2d 560, 562 (Tex.1974); Peters, 820 S.W.2d at 40.

6. See Peters, 820 S.W.2d at 41.

7. See id.

because an underground storage tank had floated out of the ground, leaving a subsurface hole that could cave in. The court reversed summary judgment for the premises occupier and remanded the case, because a fact issue existed about whether the premises occupier actually knew of the dangerous condition but failed to warn the fire fighter.[8]

■ *Peters* is inapplicable here because Kimball did not plead or prove a dangerous condition that Campus was aware of but Kimball was not. Kimball argues the mattresses that caused the fire were a dangerous condition that Campus was either required to make safe or warn Kimball about. However, Kimball knew about the fire—which was the result of the dangerous condition—when he arrived at the motel; he was sent to fight it. Thus, the duty to warn or make the premises safe from the fire hazard did not apply to him.

■ Moreover, a pre-fire hazard that merely causes a fire is not the type of dangerous condition that gives rise to a duty to a licensee fire fighter. Rather, an owner/occupier is only responsible for a dangerous condition (1) known to the owner/occupier, (2) that is on the premises when the fire fighter arrives to battle the fire, (3) that the fire fighter is unaware of, and (4) that directly causes the fire fighter's injury.[9] We do not have that situation here; Kimball was not directly injured by the mattresses, and he does not contend the roof tiles were a known dangerous condition. Thus, Kimball could not have recovered from Campus based on a known dangerous condition.

### Active or affirmative negligence

■ An owner/occupier also owes a fire fighter a duty not to injure the fire fighter through active negligence.[10] "Active negligence" is based on an affirmative act; in contrast, "passive negligence" is based on a failure to act.[11] Texas courts have not referred to active negligence in connection with an owner/operator's duty to a fire fighter since the *Texas Cities* case in 1943. Assuming the active negligence doctrine is still viable with regard to fire fighters, the active negligence must have occurred *after* the fire fighter arrived on the scene to combat the blaze, not before.[12] In other words, the active negligence cannot simply be the cause of the fire.

*Johansen* and *O'Leary* are companion cases; they both arose out of the same fire, and the *Johansen* court tacitly adopted the reasoning in *O'Leary*. In those cases, a railway car exploded and caught fire due to the negligence of the railway company's employees. A series of explosions followed. O' Leary, a fireman who went to the switching yard to battle the blaze, was killed by one of the later explosions.[13] Another fireman, Johansen, was injured, but not fatally.[14]

The court of appeals applied the rule that O'Leary, as a licensee, had the right to require the premises owner—the railway company—not to injure him through "active negligence."[15] The first explosion occurred before O'Leary arrived on the scene, but the explosion that killed him occurred while he was battling the fire. To support its conclusion that O'Leary was killed by the railway company's active negligence, the court applied the continuing negligence doctrine; i.e., it held the explo-

---

8. *Id.*

9. *See id.*

10. *See Texas Cities Gas Co. v. Dickens,* 140 Tex. 433, 168 S.W.2d 208, 210 (1943).

11. *See id.* at 209–10 (failure to turn off gas in burning building at fire chief's request was passive negligence).

12. *See Houston Belt & Terminal Ry. Co. v. Johansen,* 107 Tex. 336, 179 S.W. 853, 853–54 (1915); *O'Leary,* 136 S.W. at 605.

13. *See O'Leary,* 136 S.W. at 602–03.

14. *See Johansen,* 179 S.W. at 853.

15. *O'Leary,* 136 S.W. at 605.

sion that killed O'Leary was a continuation of the negligence that caused the first explosion, and each explosion was treated as an independent negligent act.[16] *Johansen* applied identical reasoning.[17]

Likewise, the negligence at issue in *Texas Cities*, although passive, occurred after the fire started and after the defendant, and apparently the fire chief, arrived on the scene. The defendant was not held liable for negligently causing the fire. Instead, the defendant was held liable for the explosion that occurred *after* the fire started, when the defendant failed to turn off the gas at the fire chief's request.[18] The *Texas Cities* court did not apply the duty to refrain from active negligence because it concluded that the defendant was not an owner/occupier. Because the defendant was not an owner/occupier, the court held the defendant owed the fire fighter a duty of ordinary care, rather than the lesser duty owed to a licensee.[19]

■ In this case, Kimball did not plead continuing negligence or that Campus committed another act of negligence after Kimball arrived on the premises. As Campus pointed out at the charge conference, Kimball does not assert Campus committed an act of negligence after Kimball arrived at the scene. Kimball merely asserts that Campus's active negligence *caused* the fire. Because this negligence occurred before the fire began and Kimball arrived, Kimball could not have recovered from Campus based on an active negligence theory.

### No liability for ordinary negligence that merely caused fire

■ Our research has not revealed any Texas cases in which an owner/operator has been held liable for ordinary negligence that merely caused a fire at which a fire fighter later arrived and was injured. We are aware the Fifth Circuit has held that Texas law allows an injured fire fighter to recover for injuries caused by an owner/operator's ordinary negligence.[20] However, that decision does not apply Texas law correctly. For instance, the *Harris* court assumed that the injured fire fighters were invitees,[21] despite express Texas law to the contrary.

Simply put, to allow Kimball to recover based on an act of ordinary negligence that occurred before the fire began would require an extension of the law. Changes in the law should be left to the Texas Supreme Court or the Texas Legislature.[22]

### *Juhl v. Airington* does not support Kimball's position

Kimball cites *Juhl*,[23] for the proposition that the Texas Supreme Court has expressly rejected the Fireman's Rule. *Juhl* does not support Kimball's position; it is not a premises liability case. Instead, *Juhl* involved a situation in which a police officer sought damages for injuries he sustained while attempting to remove a protestor who was passively resisting (lying on the ground).[24]

The majority opinion in *Juhl* does not discuss the Fireman's Rule, and the defendant protestors in that case did not own or operate the premises where the police offi-

16. *Id.*

17. 179 S.W. at 853–54.

18. *Texas Cities,* 168 S.W.2d at 209.

19. *Id.* at 210.

20. *Harris v. Atchison, Topeka & Santa Fe Ry.,* 538 F.2d 682, 686–87 (5 th Cir.1976).

21. *Id.* at 687.

22. See *Malone v. Foster,* 956 S.W.2d 573, 582 (Tex.App.—Dallas 1997), *aff'd,* 977 S.W.2d 562 (Tex.1998); *see also Holt v. Reproductive Servs.,* 946 S.W.2d 602, 606–07 (Tex.App.—Corpus Christi 1997, writ denied) (stating that creation of new cause of action is best left to Legislature or Texas Supreme Court).

23. 936 S.W.2d at 640.

24. *Id.* at 641.

cer was injured. In urging the court to apply the Fireman's Rule, Justice Gonzalez notes: "I recognize that the Fireman's Rule has been employed in Texas only in premises liability cases."[25] The supreme court's failure in *Juhl* to extend the Fireman's Rule beyond its current application to premises liability cases does not strengthen Kimball's position.

### The rescue doctrine does not apply

 Kimball also argues he is entitled to recover under the rescue doctrine. But he does not cite a single case in which a Texas court has allowed a publicly-paid fire fighter to recover from a private party under the rescue doctrine. Kimball cites two cases that touch on damages flowing from fighting fires, but both are readily distinguishable. *Keystone–Fleming Transport, Inc. v. City of Tahoka*[26] involved a volunteer fireman, and *Daigle v. Phillips Petro. Co.*[27] involved a plaintiff who was employed by the defendant oil company as part of its fire brigade to combat oil-related fires. As Campus argued to the trial court during the charge conference, the rescue doctrine is inapplicable to this case.

The rescue doctrine imposes liability for *all* foreseeable injuries resulting from ordinary negligence, not just for injuries resulting from breach of the duties owed a licensee.[28] As we have discussed, in Texas the Fireman's Rule does not impose such a broad basis of liability. Thus, application of the Fireman's Rule precludes recovery under the rescue doctrine.

### Conclusion

Because the Fireman's Rule precludes Kimball from recovering against Campus, we sustain Campus's first issue. In light of our disposition of this issue, we need not consider Campus's remaining issues. We reverse the trial court's judgment awarding Kimball damages against Campus and render judgment that Kimball take nothing from Campus.

**25.** *Id.* at 647 (Gonzalez, J., concurring).

**26.** 315 S.W.2d 656, 658 (Tex.Civ.App.—Amarillo 1958, writ ref'd n.r.e.).

**27.** 893 S.W.2d 121, 123 (Tex.App.—Houston [1st Dist.] 1995, writ granted w.r.m.).

**28.** *See Snellenberger v. Rodriguez,* 711 S.W.2d 138, 139 (Tex.App.—El Paso 1986), *aff'd,* 760 S.W.2d 237 (Tex.1988).