Bernice ALLEN, Jr. and Carolyn
Allen, Appellants,

v.

Bessie V. ALBRIGHT, Appellee.

No. 06–00–00123–CV.

Court of Appeals of Texas,
Texarkana.

Submitted March 13, 2001.

Decided March 23, 2001.

Jason C. Molesso, Stanford Nugent, Dallas, for appellant.

John L. Tidwell, Atchley, Russell, Texarkana, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Bernice Allen, Jr. and his wife, Carolyn Allen, sued Bessie Albright seeking to recover damages for personal injuries Mr. Allen suffered when he rescued Mrs. Albright from her burning home. The trial court granted Mrs. Albright's motion for summary judgment. We affirm the judgment.

Both parties agree that the fire at Mrs. Albright's house was an arson fire set by a juvenile offender, and that Mrs. Albright did nothing to cause or contribute to the fire. The juvenile threw a molotov cocktail under Mrs. Albright's car, and the resulting fire spread to her house.

A neighbor informed Mr. Allen and another man that Mrs. Albright, an 88 year old widow, was in the burning house. Mr. Allen alleged that he heard Mrs. Albright calling for help from inside her house; that the front door was locked;[1] that he kicked the door open and entered the home; that he tripped over several pieces of furniture in the dark, smoky rooms; that he kicked open other doors in the house in an effort to find Mrs. Albright; that he ultimately found her, but she panicked and ran toward the part of the house that was ablaze; and that he and the other man chased Mrs. Albright and carried her to safety.

Mr. Allen later experienced pain in the hip corresponding to the leg he used to kick open the doors at the house. He sought medical attention and ultimately had surgery to replace his injured hip. The surgery required him to miss time from work and to require rehabilitation.

Mrs. Albright moved for summary judgment under TEX.R. CIV. P. 166a(b)[2] on the grounds that, as a matter of law, she had no duty to Mr. Allen; that Mr. Allen had failed to establish causation; and that her summary judgment evidence established the defense of sudden emergency as 'a matter of law. After a hearing, the trial

1. In his petition, Mr. Allen alleged he was informed that the front door was locked. However, in his affidavit ·attached to his response to Mrs. Albright's motion for summary judgment, he does not allege that he knew the door was locked. Rather, he alleged only that the door was locked.

2. Mrs. Albright also filed a "no evidence" summary judgment motion under TEX.R. CIV. P. 166a(i), but agreed to postpone argument on that motion pending the trial court's decision on her motion for summary judgment under TEX.R. CIV. P. 166a(b).

court granted Mrs. Albright's motion.[3] On appeal, Mr. Allen challenges each of the grounds for summary judgment raised in Mrs. Albright's motion.

To be entitled to summary judgment, Mrs. Albright must establish that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). Summary judgment for a defendant is proper when she negates at least one element of each of the plaintiff's theories of recovery, or pleads and conclusively establishes each element of an affirmative defense. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.1999). We indulge every reasonable inference and resolve all doubts in the nonmovant's favor. On appeal, Mrs. Albright still bears the burden of showing that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law.

In order to recover on a negligence claim, a plaintiff must establish (1) a legal duty owed by the defendant to the plaintiff to protect the latter against injury; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex.1998); *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987). Duty is the threshold inquiry; a plaintiff must prove the existence and violation of a duty owed to him by the defendant to establish liability in tort. *Praesel v. Johnson*, 967 S.W.2d at 394; *El Chico Corp. v. Poole*, 732 S.W.2d at 311. The existence of a legal duty is a question of law unless the facts giving rise to the duty are disputed. *Praesel v. Johnson*, 967 S.W.2d at 394.

The decision to impose a legal duty involves complex considerations of public policy, including social, economic, and political questions and their application to the particular facts at hand. *Id.* at 397; *Graff v. Beard*, 858 S.W.2d 918, 920 (Tex.1993). In deciding whether to impose a duty on a particular defendant, courts weigh the risk, foreseeability, and likelihood of injury against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing that burden on the actor. *Praesel v. Johnson*, 967 S.W.2d at 397; *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex.1983). Other proper considerations include whether one party would generally have superior knowledge of the risk or a right to control the actor who caused the harm. *Praesel v. Johnson*, 967 S.W.2d at 397; *Graff v. Beard*, 858 S.W.2d at 920. Of these, the foremost consideration is the foreseeability of the risk. *El Chico Corp. v. Poole*, 732 S.W.2d at 311.

Mr. Allen contends that Mrs. Albright owed him a legal duty on two alternative grounds—premises liability and active negligence.

Mr. Allen contends that he was a licensee on the occasion in question, and that Mrs. Albright owed him the duty ordinarily owed by a premises owner to licensees. A licensee is a person who is privileged to enter or remain on land only by virtue of the possessor's consent. *Knorpp v. Hale*, 981 S.W.2d 469, 471 (Tex.App.—Texarkana 1998, no pet.). Thus, a licensee is one who enters or remains on land with permission of the landowner, but does so for his own convenience or on business for someone other than the owner. The extent of an owner's duty to a licensee is to not injure him willfully, wantonly, or

---

**3.** There is no reporter's record from the hearing on the motion for summary judgment.

through gross negligence, and to use ordinary care to either warn him of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not. *Id.* at 472.

■■■ Mr. Allen alleges that Mrs. Albright was aware of the dangerous condition created by the burning house, but that she failed to warn him that the front door was locked, of her location in the house, of the layout of the house, or of the darkness and smoke inside the house. However, the risks these conditions imposed were foreseeable to Mr. Allen because before he entered the house, he knew it was on fire, knew the house was dark and smoky, and knew the front door was locked.

Mr. Allen analogizes himself to a firefighter, typically classified as a licensee, and contends that Mrs. Albright owed him a duty under the Firefighter's Rule. In cases involving firefighters, Texas courts have applied the duties owed to an ordinary licensee, including the duty to warn of known, dangerous conditions. *See Campus Mgmt., Inc. v. Kimball*, 991 S.W.2d 948, 950–51 (Tex.App.—Fort Worth 1999, pet. denied). In older cases, some courts also applied an additional duty—not to injure the firefighter through active negligence. *Houston Belt & Terminal Ry. Co. v. Johansen*, 107 Tex. 336, 179 S.W. 853, 853–54 (1915); *Houston Belt & Terminal Ry. Co. v. O'Leary*, 136 S.W. 601, 605 (Tex.Civ.App.1911, writ ref'd); *see also Texas Cities Gas Co. v. Dickens*, 140 Tex. 433, 168 S.W.2d 208, 211 (1943); *Campus Mgmt., Inc. v. Kimball*, 991 S.W.2d at 950–51. Mr. Allen contends that Mrs. Albright was actively negligent for remaining in the house and in trying to run from her rescuers when they arrived.

As noted in *Kimball*, Texas courts have not referred to active negligence in connection with an owner/operator's duty to a firefighter since 1943. *Campus Mgmt.,*

*Inc. v. Kimball*, 991 S.W.2d at 951. Even assuming the active negligence doctrine is still viable, we hold that the Firefighter's Rule is inapplicable to Mr. Allen because he was not acting as a firefighter. The purpose of the rule is to limit the recovery of firefighters and police officers so that citizens will not be discouraged from relying on the skill, training, and expertise of these public servants. *See Juhl v. Airington*, 936 S.W.2d 640, 647 (Tex.1996) (Gonzalez, J., concurring); David L. Strauss, Comment, *Where There's Smoke, There's the Firefighter's Rule: Containing the Conflagration After One Hundred Years*, 1992 Wis. L.Rev. 2031, 2032 (1992).

The active negligence exception has been applied where the owner or occupier engaged in willful or wanton conduct that occurred after the event that precipitated the firefighter's presence. Strauss, *supra*, at 2038; Larry D. Scheafer, Annotation, *Liability of Owner or Occupant of Premises to Fireman Coming Thereon in Discharge of His Duty*, 11 A.L.R.4th 597 (1982); *see, e.g., Houston Belt & Terminal Ry. Co. v. Johansen*, 179 S.W. at 853; *Houston Belt & Terminal Ry. Co. v. O'Leary*, 136 S.W. at 604.

Mrs. Albright did not commit any willful or wanton conduct that would impose liability on her, even if the Firefighter's Rule would otherwise apply to Mr. Allen. Mrs. Albright did not fail to use ordinary care to warn Mr. Allen of dangerous conditions that were known by her but were unknown to him. She merely remained in her house and called for help after a third party started the fire. Therefore, Mr. Allen was not entitled to recover under the Firefighter's Rule.

■■■ Mr. Allen also contends that he was an invitee, and that Mrs. Albright owed him a duty as such. An invitee enters onto another's land with the own-

er's knowledge and for the mutual benefit of both parties.[4] *Mellon Mortgage Co. v. Holder,* 5 S.W.3d 654, 670 (Tex.1999). A landowner owes an invitee a duty to exercise ordinary care to protect him from risks of which the owner is actually aware and those risks of which the owner should be aware after reasonable inspection. *Knorpp v. Hale,* 981 S.W.2d at 471. To recover as an invitee, a plaintiff must plead and prove that the landowner (1) had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm; (3) that the landowner failed to exercise reasonable care to reduce or eliminate the risk; and (4) that the landowner's failure to use such care proximately caused the plaintiff's injuries. *Id.* at 471–72.

Mrs. Albright contends that as a rescuer, Mr. Allen qualifies only as an implied licensee in law. In *Pifer v. Muse,* 984 S.W.2d 739, 741 (Tex.App.—Texarkana 1998, no pet.), the plaintiff saw flames coming from the defendant's home. He tried to enter the home through a window to rescue a person he thought was in the house. All parties agreed that the heat caused a gun in the house to discharge, and a bullet hit the plaintiff. We held that as a volunteer, the plaintiff was an implied licensee in law, and that the defendant therefore owed him no duty. *Id.* at 742 (citing RESTATEMENT (SECOND) OF TORTS § 330 cmt. e, § 332 cmt. b (1965)).

One distinction between the *Pifer* case and this case is that here Mr. Allen heard Mrs. Albright calling for help from inside the house. That distinction is both insufficient and immaterial, however. It is insufficient because even if Mrs. Albright invited Mr. Allen onto her land, he did not go there for the mutual benefit of both parties. The distinction is immaterial because Mr. Allen's summary judgment evidence shows that a neighbor told him that Mrs. Albright was in the burning house before she called for help. His decision to enter the house was at the most merely reinforced by hearing Mrs. Albright's cry for help.

Further, courts in other jurisdictions have held that a firefighter is not converted from a licensee to an invitee merely because the owner or occupant of the property turned in the alarm to which the firefighter responded. *See* Scheafer, *supra,* at 620. Similarly, Mr. Allen was not converted from a licensee to an invitee by Mrs. Albright's cry for help. He was not an invitee but a volunteer rescuer, an implied licensee in law. Thus, Mrs. Albright owed him only the duty to refrain from willfully or wantonly injuring him, and to warn him of a danger she knew about but he did not.

■ Mr. Allen contends we should not analyze this case under a premises liability theory, but rather under a negligent activity theory. He contends his injuries resulted from Mrs. Albright's failure to leave the house. He contends she was able to walk and could have left the burning house via the same route by which he was able to reach her. He also contends she had a duty not to run from her rescuers.

■ To recover against a land possessor under a negligent activity theory, the plaintiff must prove he was injured by, or as a contemporaneous result of, the

---

**4.** Mr. Allen states the rule as, "An invitee is a person who enters the premises of another in answer to an express or implied invitation from the owner or occupier; and for the owner or occupier's benefit." He cites *Montes v. Indian Cliffs Ranch, Inc.,* 946 S.W.2d 103, 105 (Tex.App.—El Paso 1997, writ denied), and *Peerenboom v. HSP Foods, Inc.,* 910 S.W.2d 156, 161(Tex.App.—Waco 1995, no writ). However, both of these cases phrase the rule as requiring both an invitation and a mutually beneficial purpose.

negligent activity itself, rather than by a condition created by the negligent activity. *Pifer v. Muse*, 984 S.W.2d at 741. The plaintiff's injuries must be directly related to an ongoing activity. If the injury was caused by a condition created by the activity rather than the activity itself, the plaintiff is limited to a premises liability theory of recovery.

In this case, the fire created the conditions that caused Mr. Allen's injury. The parties agree that Mrs. Albright was not responsible for the fire. At most, her decision to remain in the house and to run from her rescuers only contributed to the conditions by which Mr. Allen was injured. Mr. Allen would have us ascribe a duty based on Mrs. Albright's decision to stay in the house. He overlooks the fact that one person does not have a duty to aid another absent a special relationship. *Otis Eng'g Corp. v. Clark*, 668 S.W.2d at 309. By extension, a person does not have a duty toward her potential rescuers when the person does not create the situation that necessitates the rescue. *See Daigle v. Phillips Petroleum Co.*, 893 S.W.2d 121, 122 (Tex.App.—Houston [1st Dist.] 1995, writ dism'd by agr.); *see also* 1 TEXAS TORTS AND REMEDIES § 1.03[4][f][ii] (Matthew Bender & Co. ed., July 2000). There is no summary judgment evidence that Mrs. Albright committed any active negligence. Indeed, from the summary judgment evidence, it is clear that reasonable minds would not differ as to the prudence of Mrs. Albright's conduct during the dangerous situation that confronted her.

Because we find that summary judgment was proper on the grounds of no duty and no active negligence, we need not discuss Mr. Allen's other points.

The judgment is affirmed.