NO. 07-01-0249-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 20, 2002



______________________________




GREENBELT ELECTRIC COOPERATIVE, APPELLANT



V.



LYNN MILLS AND BARRY SANDERS, APPELLEE




_________________________________



FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;



NO. 10,372-A; HONORABLE GRAINGER W. McILHANY, (1) JUDGE



_______________________________




Before BOYD, C.J., and REAVIS and JOHNSON, JJ.



 Greenbelt Electric Cooperative presents this appeal from a judgment following a
non-jury trial that Lynn Mills recover $130,000 for personal injuries plus pre-judgment
interest, and that Barry Sanders recover $10,000 for personal injuries plus pre-judgment
interest. The judgment further provides that the City of Shamrock, intervenor, recover
$36,948.95 from Greenbelt. (2) Presenting only one issue, Greenbelt contends that the
Fireman's Rule (3) precludes recovery by Mills and Sanders for personal injuries sustained
in the course and scope of their duties as firemen. Based upon the rationale expressed
herein, we affirm.

 Greenbelt acknowledges that the underlying facts are undisputed and that the
question presented is one of law. Thus, our review of the facts will be limited to only those
necessary to adequately address the legal issue. Following a grass fire that occurred on
December 10, 1996, Mills and Sanders, members of the Shamrock Volunteer Fire
Department, filed suit against Greenbelt to recover damages for injuries they sustained
while they were engaged in fighting the fire. Among other things, they alleged that as a
result of a tree limb rubbing against Greenbelt's electric line, the line broke and ignited
foliage and grass immediately under it causing the fire to spread to adjoining property. 
Contending that their injuries were proximately caused by Greenbelt's negligence in failing
to keep trees trimmed near its power lines, Mills and Sanders sought damages for injuries
received in fighting the fire after it spread to property adjacent to Greenbelt's electric line
easement. Among other defenses, Greenbelt contended that Mills and Sanders were
volunteer firemen and that their claims were barred under the common law Fireman's Rule. 
Because this appeal presents only a question of law, we will apply a de novo standard of
review. Barber v. Colorado Independent School Dist., 901 S.W.2d 447, 450 (Tex. 1995).

 By its only issue, Greenbelt contends the Fireman's Rule should preclude recovery
by Mills and Sanders for personal injuries sustained in the course and scope of their duties
as fire fighters. In support of its contention, Greenbelt argues that in the interest of public
policy we should apply the Fireman's Rule to the facts of the underlying case and reverse
and render judgment that Mills and Sanders take nothing. We disagree.

 With commendable professional candor, Greenbelt's counsel acknowledge that
Texas case law recognizes the Fireman's Rule of liability. That rule, as discussed in Juhl
v. Airington, 936 S.W.2d 640, 645-46 (Tex. 1996) (concurring opinion), Campus
Management, Inc. v. Kimball, 991 S.W.2d 948, 950 (Tex.App.--Fort Worth 1999, pet.
denied), and Peters v. Detsco, Inc., 820 S.W.2d 38, 40-41 (Tex.App.--Houston [14th Dist.]
1991, writ denied), applies rules of premises liability to fire fighters injured while fighting
a fire. As stated in Kimball:

 Texas has long employed the Fireman's Rule in premises liability cases. As
we discuss below, the Texas version of the Fireman's Rule provides that a
fire fighter is a licensee to whom a property owner or operator owes certain
duties: not to injure the fire fighter by willful, wanton, or gross negligence;
to warn of known dangerous conditions of which the fire fighter is unaware;
and not to injure the fire fighter through active negligence after the fire fighter
arrives at the premises to combat the blaze.


991 S.W.2d at 950. (Emphasis added). Notwithstanding this rule, proffering the
concurring opinion of Justice Gonzalez (4) in Juhl, 936 S.W.2d at 645-46, Greenbelt also
argues that we should extend the Fireman's Rule because public policy justifies its
application more broadly than the premises liability context. In his concurrence, Justice
Gonzalez makes a scholarly review of the history and status of the Fireman's Rule in
various jurisdictions and articulates his reasons for extending the rules of premises liability
to non-premises cases as presented here. However, the majority declined to extend the
rule without comment. 

 Moreover, legislative power is defined broadly in Texas and includes the power to
set public policy. See Tex. Const. art. III, §1; see also FM Properties Operating v. City of
Austin, 22 S.W.3d 868, 873 (Tex. 2000). Also, under this provision, the Legislature may
change common law. Middleton v. Texas Power & Light Co, 108 Tex. 96, 185 S.W. 556,
560 (1916). Although the Legislature has adopted significant changes affecting traditional
common law tort remedies, i.e. Tex. Civ. Prac. & Rem. Code Ann. §§ 33.001-33.017
(Vernon 1997 & Supp. 2002), and may be in a better position than the courts to fashion
new tort rules, the Legislature has also declined to extend the Fireman's Rule as
suggested by Justice Gonzalez and presented by Greenbelt. 

 Considering that the Texas Supreme Court has declined to extend the rule to non-premises cases and the Legislature likewise has not enacted a different rule, it would be
inappropriate for this Court as an intermediate appellate court to depart from the
established common law rule. See generally Penrod Drilling Corp. v. Williams, 868
S.W.2d 294, 296 (Tex. 1993) (noting that Texas courts are obligated to follow only higher
Texas courts and the United States Supreme Court). Greenbelt's sole issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice



Publish. 

 

 

 

 

1. Although the case was tried to Grainger W. McIlhany, sitting without a jury, the
judgment was signed by John T. Forbis, also sitting by assignment. 
2. The City of Shamrock is not a party to this appeal.
3. See Campus Management, Inc. v. Kimball, 991 S.W.2d 948, 950 (Tex.App.-Fort
Worth 1999, pet. denied).
4. Justice Abbott joined in the concurring opinion.


er] in the face with a closed fist.”


 (Emphasis added). We
also note that aggravated assault consists of an assault 1) which causes serious bodily
injury to another or 2) during which the assailant used or exhibited a deadly weapon. Tex.
Penal Code Ann. §§ 22.01-.02 (Vernon Supp. 2008). In comparing our two notations
above with each other, we discover the language in the signed admission contained the
aggravating factors needed to prove aggravated assault. See Landon v. State, 222
S.W.3d 75, 78 (Tex. App.–Tyler 2006, no pet.) (stating that while the State must offer
evidence establishing the elements of the crime despite the accused’s plea of guilty, that
requirement is satisfied by the accused signing a stipulation of evidence wherein he admits
the elements of the crime to which he pled). This, then, causes us to reject the issues
raised by appellant. Yet, that does not mean we are finished with this matter.
          A problem with the judgment remains. It encompasses the crime for which appellant
was convicted and received punishment. That is, the State charged appellant by
information as opposed to indictment, and appellant waived his right to prosecution via
indictment. Through the waiver, he agreed to “be tried for the said offense upon an
Information and complaint to be filed and presented by the District Attorney.” A complaint
and information were then filed. In both those documents, the State described the charge
for which appellant was being prosecuted as his having “. . . intentionally, knowingly, or
recklessly attempt[ed] to cause bodily injury to Norma Marmolego, by striking the said
Norma Marmelejo in the face with a closed fist.” Absent from the allegation, however, was
a word included in the aforementioned stipulation of evidence, and that word was “serious.” 
This is of import for without that word, the factors needed to aver aggravated assault were
missing from the particular charging instrument under which appellant agreed to be tried. 
And, while it may be that the parties intended to modify the charging instrument in a
manner consistent with the stipulation of evidence, they did not make the necessary
interlineations on the existing information or include a document showing the change in the
record. See Riney v. State, 28 S.W.3d 561, 566 (Tex. Crim. App. 2000) (stating that an
amendment is effectuated by physically altering the instrument or by incorporating a new
charging instrument in the record). 
          Next, statute provides that one who intentionally, knowingly, or recklessly causes
another to suffer bodily injury commits simple assault under §22.01(a)(1) of the Texas
Penal Code, as opposed to aggravated assault. Given this, the charging instrument
contained in the record encompasses nothing more than simple assault. Yet, the trial court
convicted him of aggravated assault. Additionally, assault under §22.01(a)(1) is a class
A misdemeanor, unlike aggravated assault, which is a felony. Tex. Penal Code Ann.
§22.01(b) (Vernon Supp 2008).


 This, in turn, means that appellant’s punishment for
committing the offense charged in the information was restricted to no more than a year
in jail, a fine not exceeding $4000, or both. Tex. Penal Code Ann. §12.21(1), (2) & (3)
(describing the punishment attributable to a class A misdemeanor). Yet, a ten year term
of imprisonment was levied upon appellant. 
          So, what we have before us is a scenario wherein the trial court convicted appellant
for a crime other, and much greater, than that contained in the charging instrument and
levied a sentence exceeding the maximum applicable to the crime encompassed by the
actual charging instrument. Neither is permissible. 
          Accordingly, we reverse the judgment convicting appellant of attempted aggravated
assault and remand the cause for further proceedings, which includes the determination
of whether the trial court had jurisdiction over the misdemeanor offense.
 
                                                                           Brian Quinn
                                                                          Chief Justice
Publish.