NO. 07-01-0249-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 20, 2002

_____

GREENBELT ELECTRIC COOPERATIVE, APPELLANT

V.

LYNN MILLS AND BARRY SANDERS, APPELLEE

_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 10,372-A; HONORABLE GRAINGER W. McILHANY,[1] JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Greenbelt Electric Cooperative presents this appeal from a judgment following a non-jury trial that Lynn Mills recover $130,000 for personal injuries plus pre-judgment interest, and that Barry Sanders recover $10,000 for personal injuries plus pre-judgment

---

[1]Although the case was tried to Grainger W. McIlhany, sitting without a jury, the judgment was signed by John T. Forbis, also sitting by assignment.

interest. The judgment further provides that the City of Shamrock, intervenor, recover $36,948.95 from Greenbelt.[2] Presenting only one issue, Greenbelt contends that the Fireman's Rule[3] precludes recovery by Mills and Sanders for personal injuries sustained in the course and scope of their duties as firemen. Based upon the rationale expressed herein, we affirm.

Greenbelt acknowledges that the underlying facts are undisputed and that the question presented is one of law. Thus, our review of the facts will be limited to only those necessary to adequately address the legal issue. Following a grass fire that occurred on December 10, 1996, Mills and Sanders, members of the Shamrock Volunteer Fire Department, filed suit against Greenbelt to recover damages for injuries they sustained while they were engaged in fighting the fire. Among other things, they alleged that as a result of a tree limb rubbing against Greenbelt's electric line, the line broke and ignited foliage and grass immediately under it causing the fire to spread to adjoining property. Contending that their injuries were proximately caused by Greenbelt's negligence in failing to keep trees trimmed near its power lines, Mills and Sanders sought damages for injuries received in fighting the fire after it spread to property adjacent to Greenbelt's electric line easement. Among other defenses, Greenbelt contended that Mills and Sanders were

---

[2]The City of Shamrock is not a party to this appeal.

[3]*See* Campus Management, Inc. v. Kimball, 991 S.W.2d 948, 950 (Tex.App.–Fort Worth 1999, pet. denied).

2

volunteer firemen and that their claims were barred under the common law Fireman's Rule. Because this appeal presents only a question of law, we will apply a *de novo* standard of review. Barber v. Colorado Independent School Dist., 901 S.W.2d 447, 450 (Tex. 1995).

By its only issue, Greenbelt contends the Fireman's Rule should preclude recovery by Mills and Sanders for personal injuries sustained in the course and scope of their duties as fire fighters. In support of its contention, Greenbelt argues that in the interest of public policy we should apply the Fireman's Rule to the facts of the underlying case and reverse and render judgment that Mills and Sanders take nothing. We disagree.

With commendable professional candor, Greenbelt's counsel acknowledge that Texas case law recognizes the Fireman's Rule of liability. That rule, as discussed in Juhl v. Airington, 936 S.W.2d 640, 645-46 (Tex. 1996) (concurring opinion), Campus Management, Inc. v. Kimball, 991 S.W.2d 948, 950 (Tex.App.--Fort Worth 1999, pet. denied), and Peters v. Detsco, Inc., 820 S.W.2d 38, 40-41 (Tex.App.--Houston [14th Dist.] 1991, writ denied), applies rules of premises liability to fire fighters injured while fighting a fire. As stated in *Kimball*:

> Texas has long employed the Fireman's Rule in premises liability cases. As we discuss below, the Texas version of the Fireman's Rule provides that a fire fighter is a licensee to whom a property owner or operator owes certain duties: not to injure the fire fighter by willful, wanton, or gross negligence; to warn of known dangerous conditions of which the fire fighter is unaware; and not to injure the fire fighter through active negligence *after the fire fighter arrives at the premises to combat the blaze.*

3

991 S.W.2d at 950. (Emphasis added). Notwithstanding this rule, proffering the concurring opinion of Justice Gonzalez[4] in *Juhl*, 936 S.W.2d at 645-46, Greenbelt also argues that we should extend the Fireman's Rule because public policy justifies its application more broadly than the premises liability context. In his concurrence, Justice Gonzalez makes a scholarly review of the history and status of the Fireman's Rule in various jurisdictions and articulates his reasons for extending the rules of premises liability to non-premises cases as presented here. However, the majority declined to extend the rule without comment.

Moreover, legislative power is defined broadly in Texas and includes the power to set public policy. *See* Tex. Const. art. III, §1; *see also* FM Properties Operating v. City of Austin, 22 S.W.3d 868, 873 (Tex. 2000). Also, under this provision, the Legislature may change common law. Middleton v. Texas Power & Light Co, 108 Tex. 96, 185 S.W. 556, 560 (1916). Although the Legislature has adopted significant changes affecting traditional common law tort remedies, *i.e.* Tex. Civ. Prac. & Rem. Code Ann. §§ 33.001-33.017 (Vernon 1997 & Supp. 2002), and may be in a better position than the courts to fashion new tort rules, the Legislature has also declined to extend the Fireman's Rule as suggested by Justice Gonzalez and presented by Greenbelt.

---

[4]Justice Abbott joined in the concurring opinion.

4

Considering that the Texas Supreme Court has declined to extend the rule to non-premises cases and the Legislature likewise has not enacted a different rule, it would be inappropriate for this Court as an intermediate appellate court to depart from the established common law rule. *See generally* Penrod Drilling Corp. v. Williams, 868 S.W.2d 294, 296 (Tex. 1993) (noting that Texas courts are obligated to follow only higher Texas courts and the United States Supreme Court). Greenbelt's sole issue is overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice


Publish.