Adela SNELLENBERGER, A Widow, et al., Appellants,

v.

Rosita Hernandez RODRIGUEZ, Appellee.

No. 08–85–00161–CV.

Court of Appeals of Texas, El Paso.

June 4, 1986.

Rehearing Denied July 2, 1986.

---

Bruce Bangert, Shafer, Gilliland, Davis, McCollum & Ashley, Odessa, for appellants.

Robert Trenchard, Jr., Wesch, Trenchard & Davis, Kermit, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This case involves the applicability of the rescue doctrine. The trial court granted summary judgment for the defendant. We affirm.

The defendant/Appellee ran over and critically injured a small child when she moved her car from a parked position. Two police officers responded to a call for aid and came to the scene of the accident. One was giving aid to the injured child and the other, Appellant's husband, was help-ing control the crowd and the hysterical mother of the child. While doing so, he collapsed and suffered a fatal heart attack. His widow and children, Appellants, brought this action against the Appellee for wrongful death relying upon the "rescue doctrine." The trial court granted Appellee's motion for summary judgment finding "there is no genuine issue as to any material fact herein, and that Defendant, Rosita Hernandez Rodriguez, is entitled to judgment as a matter of law." We agree for the reason that the rescue doctrine is not raised under the facts of this case. The rescue doctrine is set forth in *Kelley v. Alexander*, 392 S.W.2d 790 (Tex.Civ.App.— San Antonio 1965, writ ref'd n.r.e.):

> The basis of this rule is that the defendant negligently created a situation that provoked the rescue effort and the rescuer's resulting injury was something that could reasonably have been foreseen by the negligent defendant and was a natural and probable result of such negligence. *Longacre v. Reddick*, Tex.Civ. App., 215 S.W.2d 404, mandamus overruled; *Shultz v. Dallas Power & Light Co.*, Tex.Civ.App., 147 S.W.2d 914, wr. dism. judgm. correct; 40 Tex.Jur.2d, Negligence, sec. 117; Restatement of Torts, sec. 893.

Under the facts of this case, no perilous situation existed to invite rescue. The negligent act of the Appellee had already occurred when Officer Snellenberger arrived at the scene. The negligent act of Appellee had done all the damage that it was going to do. There no longer existed any danger from it. It had run its course and no longer presented any danger to anyone. The situation does not show that anyone was in imminent peril and in need of rescue. As said in *Kelley v. Alexander, supra*, "[t]here is no basis for the 'rescue doctrine' where no one is in imminent danger and the circumstances afford no reasonable basis for believing otherwise." The facts of this case differ from those in which recovery has been allowed under the rescue doctrine. For instance, in *Longacre v. Reddick, supra*, the plaintiff was injured

when an explosion occurred while he was attempting to rescue a truck driver from a burning truck. In *Swift & Company v. Baldwin,* 299 S.W.2d 157 (Tex.Civ.App.—Texarkana 1957, no writ), the jury found the school children were passing along the sidewalk in the immediate vicinity of a loose sign and were in imminent peril immediately prior to the time the plaintiff climbed a ladder to try to secure the sign before it fell on one of the children. In *Texas and Pacific Railway v. Hoyle,* by this Court, 421 S.W.2d 442 (1967, writ ref'd n.r.e.), the plaintiff was engaged in pushing a stalled automobile containing eight children from the path of an approaching train. Texas law is in accord with the statement found in 57 Am.Jur.2d, Negligence, sec. 228:

> It has been held that to warrant the application of the rescue doctrine, it must appear by way of allegation or proof that some person's life or property was then imperiled, so that if either was to be saved, immediate action was necessary; in other words, it must appear that life or property was in imminent peril, and the danger threatened must be both imminent and real, and not merely imaginary or speculative.

The evidence in this case does not show that Officer Snellenberger exposed himself to any danger by rescuing another person from imminent peril, but rather that he was present at a scene where a serious injury had occurred prior to his arrival and which presented no further danger.

The judgment of the trial court is affirmed.

WARD, J., not sitting.