**Adela SNELLENBERGER, a Widow, et al., Petitioner,**

v.

**Rosita Hernandez RODRIGUEZ, Respondent.**

No. C–5616.

Supreme Court of Texas.

May 4, 1988.

Rehearing Denied Dec. 7, 1988.

Robert Trenchard, Jr., Wesch & Trenchard, Kermit, for petitioner.

Bruce Bangert, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, P.C., Odessa, for respondent.

## OPINION

GONZALEZ, Justice.

This is an appeal in a wrongful death action brought by the heirs of Harold Snellenberger against Rosita Hernandez Rodriguez. The trial court granted a summary judgment for Rodriguez. The court of appeals affirmed the judgment of the trial court. 711 S.W.2d 138. We affirm the judgment of the court of appeals.

On March 23, 1983, Rodriguez drove her automobile over and critically injured a small child. At the time of the accident, Snellenberger was employed as a police officer by the City of Pecos. When he and another officer were notified of the accident, they immediately proceeded to the scene in their separate patrol cars. Upon arrival, the other officer administered CPR to the child, while officer Snellenberger moved back the crowd of people which had gathered at the scene. Included in the crowd was the grief-stricken mother of the injured child. As officer Snellenberger began controlling the crowd, he suddenly collapsed and later died of a heart attack. His widow and children brought this action relying upon the rescue doctrine.

As a matter of public policy, the rescue doctrine supports the heroic acts of individuals who rush into danger to rescue others from imminent peril. This doctrine came into being before the adoption of comparative negligence in order to relieve the all or nothing effects of contributory negligence. *See Wagner v. International Railway Co.,* 232 N.Y. 176, 133 N.E. 437 (1921); *Kelley v. Alexander,* 392 S.W.2d 790 (Tex.Civ.App.—San Antonio 1965, writ ref'd n.r.e.).

The court of appeals held that the rescue doctrine was not raised under the facts of this case because "no perilous situation existed to invite rescue." 711 S.W.2d at 139. Without ruling on whether this was a proper application of the rescue doctrine, we nonetheless affirm the judgment of the court of appeals because we hold, as

a matter of law, that Officer Snellenberger's heart attack was not a foreseeable result of Rodriguez' negligence.

■ The rescue doctrine does not dispense with the requirement of foreseeability in negligence causes of action. In establishing the requirement of proximate cause in negligence actions, this court has stated:

> [A] mere showing of negligence will not justify holding the one guilty thereof liable for damages. The evidence must go further, and show that such negligence was the proximate, and not the remote, cause of the resulting injuries. In order for it to be said that an injury proximately resulted from an act of negligence, the evidence must justify the conclusion that such injury was the natural and probable result thereof. In order to justify such a conclusion, the evidence must justify a finding that the party committing the negligent act ought to have foreseen the consequences thereof in the light of the attendant circumstances.

*Carey v. Pure Distributing Corporation*, 124 S.W.2d 847, 849 (Tex.1939).

Proximate cause consists of cause in fact and foreseeability. Both elements must be present. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 549 (Tex.1985); *Missouri Pacific Railroad v. American Statesman*, 552 S.W.2d 99, 103 (Tex.1977); *See* Keeton, *Causation*, 28 S.Tex.L.Rev. 231 (1986). "Foreseeability means that the actor, as a person of ordinary intelligence, should have anticipated the dangers that his negligent act created for others." *Nixon v. Mr. Property Management*, 690 S.W. 2d at 549–50.

In *Freeman v. City of Pasadena*, 744 S.W.2d 923, 924 (Tex.1988) we rejected the notion that the "due care/foreseeability issue [is] totally within the jury's discretion." We held that as a matter of law it is not foreseeable that a step-father who was not at the scene of the accident would suffer emotional harm from the negligent injury to his step-son.

The judgment of the court of appeals is affirmed.

ROBERTSON, J., dissented, joined by RAY and MAUZY, JJ.

ROBERTSON, Justice, dissenting.

I respectfully dissent. The majority has divorced itself from established precedent with regard to the rescue doctrine. Additionally, this case should be remanded for a trial on the merits inasmuch as a genuine issue of material fact should have precluded the granting and affirming of a summary judgment in favor of Rosita Rodriguez.

The majority places great stock in its theory that somehow Rosita Rodriguez is absolved from liability because she could not have foreseen that Officer Snellenberger would suffer a heart attack while attempting to control the crowd which had gathered at the accident scene. Their reliance on the issue of foreseeability, however, is misplaced.

The majority openly jettisons the theory upon which this case is based when they state that they reached their decision "[w]ithout ruling on whether this [case involved] a proper application of the rescue doctrine...." Indeed, the majority could not have affirmed the court of appeals without first erroneously recasting this case as one which turns upon the issue of foreseeability.

As a matter of policy, the intervention of a rescuer is deemed to be a foreseeable response to the defendant's creation of the dangerous situation. As stated in *Longacre v. Reddick*, 215 S.W.2d 404 (Tex.Civ. App.—Fort Worth 1948, mand. overr.),

> The underlying basis of the rescue doctrine is that the defendant negligently created a situation which provoked the rescue effort, and that *the rescuer's resulting injury was something that could reasonably have been foreseen* by the negligent defendant, and was the natural and probable result of such negligence.

*Id.* at 406 (emphasis added).

The majority cites *Kelley v. Alexander*, 392 S.W.2d 790 (Tex.Civ.App.—San Antonio

1965, writ ref'd n.r.e.), for the proposition that one of the reasons the rescue doctrine came into being was to alleviate the harsh results of contributory negligence under early tort law. However, the majority fails to mention that the court in *Kelley* also stated that

> [t]he basis of this rule is that the defendant negligently created a situation that provoked the rescue effort and *the rescuer's resulting injury was something that could reasonably have been foreseen by the negligent defendant and was a natural and probable result of such negligence.*

*Id.* at 792 (emphasis added). Whether Rosita Rodriguez could have foreseen Officer Snellenberger's heart attack is simply not an issue which weighs in the balance under the rescue doctrine.

Further, I would remand this case for a trial on the merits. Rosita Rodriguez was granted a summary judgment in the trial court. The court of appeals affirmed. Both courts, however, have glossed over one critical fact: There exists a genuine issue of material fact in this case which precludes the granting of a summary judgment.

A summary judgment should not be granted if there is a genuine issue regarding any material fact and unless the movant is entitled to judgment as a matter of law. *Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965); TEX.R.CIV.P. 166a. The burden of proof is on the movant and all doubts as to the existence of genuine issues of material facts must be resolved against the movant and evidence must be viewed in the light most favorable to the person opposing the summary judgment. *Roskey v. Texas Health Facilities Comm'n,* 639 S.W.2d 302, 302 (Tex.1982). In the context of cases in which a determination of negligence is required to reach a decision, disposition by summary judgment is the exception, *not* the rule. *Hennessy v. Estate of Perez,* 725 S.W.2d 507, 509 (Tex. App.—Houston [1st Dist.] 1987, no writ). Indeed, the summary judgment process is not intended to deprive a party of a full hearing on the merits of any fact issue. *Gulbenkian v. Penn,* 252 S.W.2d 929, 931 (Tex.1952).

This case involves the rescue doctrine; therefore, whether Rosita Rodriguez was negligent is a key factor in determining the doctrine's applicability. As stated by the majority, one of the purposes behind the rescue doctrine is to compensate those individuals who come to the aid of someone who is in imminent peril. Therefore, one of the elements of the rescue doctrine is that the *person to be rescued* must be in imminent peril. *Kelley,* 392 S.W.2d at 792. In her motion in opposition to summary judgment, Adela Snellenberger clearly set out facts demonstrating that, at the time her husband and Officer Spence arrived at the accident scene, the injured child was in imminent peril. For example, when the officers arrived at the scene, the child had no pulse and was not breathing. Even after CPR was started, the child never regained consciousness. Finally, upon arrival at the scene, the officers observed that the child's head had suffered massive trauma due to the accident.

These facts clearly establish a genuine issue as to an element of Adela Snellenberger's cause of action. Therefore, this case should not have been disposed of via a summary judgment. I would reverse and remand this case to the trial court so that both parties may obtain a trial on the merits.

RAY and MAUZY, JJ., join in this dissent.