Floyd W. DAIGLE, Jr., Appellant,

v.

PHILLIPS PETROLEUM
COMPANY, Appellee.

No. 01–93–00880–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 12, 1995.

Rehearing Overruled Feb. 2, 1995.

John C. Allen, Christy A. Hext, Houston, for appellant.

Blake Tartt, Otway B. Denny, Jr., Reagan W. Simpson, William J. Boyce, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and HEDGES and ANDELL, JJ.

## OPINION ON MOTION FOR REHEARING

OLIVER–PARROTT, Chief Justice.

Appellee's motion for rehearing is overruled. Our opinion of December 15, 1994, is withdrawn and the following is substituted in its place.

The appellant, Floyd W. Daigle, appeals from a motion for summary judgment granted in favor of the appellee, Phillips Petroleum Company. We reverse and remand for a trial on the merits.

Facts asserted in the summary judgment proof are as follows. Floyd Daigle was employed by Phillips 66 at its Houston Chemical Complex in Pasadena, Texas. On October 23, 1989, Daigle was at home in LaPorte when an explosion occurred at the plant facility in Pasadena at 1:00 p.m. Daigle was a member of the fire brigade, and was supposed to report for duty during all plant emergencies to fight fires and administer first aid. Daigle reported to the plant within 30 minutes after the first explosion.

Upon his arrival at the plant, Daigle worked in a triage unit outside the plant administering first aid to victims of the explosion. Daigle worked in triage until 5:00 p.m., at which time he returned home to get his plant identification and fire retardant clothing. Daigle returned to the plant at 7:30 p.m., began fighting fires inside the facility, and continued to do so for the next 24 hours. After getting some rest, Daigle returned to the plant on the morning of October 25, 1989. In addition to fire prevention activities, Daigle also participated in

body search and rescue. Daigle continued to work on the search and rescue teams until December of 1989.

Daigle brought suit against Phillips Petroleum Company (Phillips) for negligence resulting in post-traumatic stress disorder. Phillips moved for summary judgment asserting that there was no general, independent duty not to negligently inflict emotional distress in light of *Boyles v. Kerr*, 855 S.W.2d 593, 597 (Tex.1993). Phillips' motion for summary judgment was granted by the trial court.

In his first point of error, Daigle contends that the trial court erred in granting Phillips' motion for summary judgment because *Boyles* did not eliminate his claims. Under Tex.R.Civ.P. 166a(c), summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Williams v. Glash*, 789 S.W.2d 261, 264 (Tex.1990). In reviewing the granting of a motion for summary judgment, this Court must take as true all evidence favorable to the nonmovant. *Nixon v. Mr. Property Management, Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in their favor. *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex. 1988). If we determine that the summary judgment was improperly granted, we will reverse the judgment and remand the cause for a trial on the merits. *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396, 400 (1958); *Long v. State Farm Fire and Casualty Co.*, 828 S.W.2d 125, 127 (Tex.App.—Houston [1st Dist.] 1992, writ denied).

Phillips is correct that *Boyles* abolished a general duty not to negligently inflict emotional distress. *Boyles* involved the videotaping and subsequent showing of sexual acts between the defendant, Boyles, and the plaintiff, Kerr. *Id.* at 594. Kerr sued Boyles for intentional invasion of privacy, negligent invasion of privacy, and negligent infliction of emotional distress. *Id.* Before the case went to the jury, all of the claims were dropped except the negligent infliction of emotional distress claim. *Id.*

In *Boyles*, the supreme court overruled its previous decision in *St. Elizabeth Hospital v. Garrard*, 730 S.W.2d 649, 653–54 (Tex.1987). "[W]e overrule the language of *Garrard* to the extent that it recognizes an *independent* right to recover for negligently inflicted emotional distress. Instead, mental anguish damages should be compensated only in connection with defendant's breach of some other duty imposed by law." *Boyles*, 855 S.W.2d at 595–96 (emphasis added). The court explained further, "By overruling the language of Garrard, we hold only that there is no *general* duty not to negligently inflict emotional distress. Our decision does not affect a claimant's right to recover mental anguish damages caused by defendant's breach of some other legal duty." *Id.* at 597 (emphasis added).

■ Phillips argues in its motion for summary judgment and on appeal that because Daigle was alleging emotional distress damages, his cause of action is barred by *Boyles*. Such an assertion is a misunderstanding of the *Boyles* decision. The general cause of action for the breach of a duty to not negligently inflict emotional distress has been abolished, but if another legally recognized duty has been breached, one may still recover for mental anguish or emotional distress. *Id.* at 597.

■ In his second amended original petition, Daigle alleged he was a rescuer of the persons who were injured at the plant, that in that capacity he was exposed to great danger of injury or death, and that such exposure resulted in emotional distress that was reasonably foreseeable to Phillips. The rescue doctrine applies when a defendant negligently creates a situation that necessitates a rescue effort, and the rescuer's subsequent injuries are reasonably foreseeable as a natural and probable result of such negligence. *Snellenberger v. Rodriguez*, 711 S.W.2d 138, 139 (Tex.App.—El Paso 1986), *aff'd on other grounds*, 760 S.W.2d 237 (Tex. 1988); *Kelley v. Alexander*, 392 S.W.2d 790, 791 (Tex.Civ.App.—San Antonio 1965, writ ref'd n.r.e.). In *Snellenberger*, the supreme court held that "[a]s a matter of public policy, the rescue doctrine supports the heroic acts

of individuals who rush into danger to rescue others from imminent peril." *Snellenberger,* 760 S.W.2d at 237.

 Phillips contends that the rescue doctrine does not apply because Daigle was not at the plant when the explosion occurred, and there was no one in "imminent peril" when Daigle was performing his body search and rescue efforts. We disagree. First, in Phillips' motion for summary judgment, it concedes that, "a *series* of explosions occurred at the Houston Chemical Complex." (Emphasis added.) Second, there is evidence that during the search effort, anyone potentially on the premises was in imminent peril:

> While I was performing my task as a member of the fire brigade, the complex was still experiencing explosions, fires, gas and vapor releases. I was afraid for my own safety and that of my injured co-workers I was treating. The danger of my being killed or injured by another massive explosion was always present and I was aware of this danger ... there were containers of hydrocarbons that we continually put water in order to keep them from releasing and exploding.

Third, Daigle testified that he was involved in body search and rescue beginning on October 25, 1994 and running through the end of the year. At the time Daigle began searching for victims of the explosion, he had no way of knowing whether there were any survivors. To hold that the rescue doctrine does not apply when the person needing *rescue does not survive the situation created* by defendant's negligence would be contrary to the very purpose of the rescue doctrine— namely, to encourage rescue efforts such as those undertaken by Daigle. As long as Daigle's search efforts were motivated by a reasonable belief that he might find a survivor in imminent peril in the aftermath of the explosion, then the rescue doctrine applies.

After reviewing the record in the light most favorable to Daigle, we hold that there is evidence that at least raises fact issues concerning the applicability of the rescue doctrine that would preclude summary judgment. Because *Boyles* did not eliminate emotional distress damages stemming from an independent legal duty other than negli-

gent infliction of emotional distress, the trial court's granting of Phillips' motion for summary judgment was error. We sustain Daigle's first point of error.

We reverse and remand for a trial on the merits.