TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00093-CV







Zelma Hunt, Individually and as Administratrix of the Estate of


Frandora Kaye Jones, Appellant



v.



Killeen Imports, Inc., Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT


NO. 166,735-B, HONORABLE RICK MORRIS, JUDGE PRESIDING







 Zelma Hunt, individually and as administratrix of the estate of her daughter,
Frandora Kaye Jones, sued Killeen Imports, Inc. ("Killeen") for wrongful death and survival
damages arising out of a fatal collision suffered by Jones while driving an automobile purchased
from Killeen. (1) The trial court granted summary judgment in favor of Killeen. We reverse the
summary judgment and remand the cause to the trial court.


BACKGROUND

 On April 28, 1994, Frandora Kaye Jones purchased a Mazda MX-3 automobile
from Killeen Imports. Killeen admits, for purposes of summary judgment, that while it
represented to Jones that she was purchasing a 1994 Mazda MX-3, (2) it actually sold her a 1993
model. Driver's side air bags were standard equipment on 1994 Mazda MX-3 automobiles but
were not available as standard equipment on the 1993 model. An insurance agent testified that
she gave Jones a 20% discount on her automobile insurance premium for a policy in effect from
November 10, 1995 through May 10, 1996 based upon Jones's statement "that her 1994 Mazda
had a driver side airbag." (3)

 On November 28, 1995, while driving on Interstate 20 in Louisiana, Jones fell
asleep and was killed when her car left the road and struck a tree. The traffic accident report
completed by the investigating officer confirms that Jones's vehicle was a 1993 Mazda MX-3 with
no air bags. Jones's mother, Zelma Hunt, testified that an owner's manual for a 1994 Mazda
MX-3 was recovered from the wreckage of Jones's vehicle. (4) The manual describes a
"supplemental air bag restraint system" designed to provide protection in a front-end accident for
the driver and front seat passenger "in addition to the three-point seat belt system."

 The official autopsy describes the cause of death as "massive generalized blunt
trauma with fatal injuries to the head and thorax." Dr. George McCormick, II, a forensic
pathologist and president of the company that performed the official autopsy, reviewed the report
and concluded that, had there been an air bag restraint system in Jones's vehicle, her chances for
survival would have significantly increased. Specifically, McCormick opined that "[w]hile I can
not say with absolute certainty that she would have survived the accident, I believe that more
probably than not she would have lived with the use of an air bag restraint in conjunction with the
three point restraint system." (5)

 Hunt sued Killeen for negligence, fraud, misrepresentation under Restatement of
Torts section 402B, violations of the Deceptive Trade Practices Act ("DTPA"), and breach of
express warranty. Hunt alleged that Jones relied on Killeen's representation that the Mazda was
a 1994 model when Jones purchased the car. Hunt contended that a reasonable implication from
Killeen's representation was that the vehicle would have all the safety features of a 1994 model,
including a driver's side air bag. Hunt argued that Killeen knew or should have known that the
vehicle it sold to Jones was a 1993 model, and its failure to disclose to Jones that the vehicle did
not have air bags was a proximate cause of her death.

 Killeen filed a motion for summary judgment alleging primarily that its
misrepresentation was not the legal cause of Jones's death because the causal link between the
misrepresentation and the accident was too attenuated. Killeen also argued that it had no duty to
tell Jones whether the vehicle she purchased had a driver's side air bag. Finally, in response to
Hunt's remaining causes of action, Killeen contended that neither Restatement of Torts section
402B nor the DTPA was applicable to the facts of the case and that all of Hunt's causes of action
were barred by limitations. (6) Without specifying the grounds on which it relied, the trial court
granted summary judgment in favor of Killeen.


DISCUSSION


 In reviewing a summary judgment in which the trial court has not provided the
basis for its decision, we must review each ground asserted in the motion and affirm the trial
court's judgment if any of these grounds is meritorious. See Star-Telegram, Inc. v. Doe, 915
S.W.2d 471, 473 (Tex. 1995); Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 79 (Tex. 1989). 
Summary judgment is proper only if the movant establishes that there are no genuine issues of
material fact and that it is entitled to judgment as a matter of law. (7) See City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 675-79 (Tex. 1979). On appeal from a summary judgment,
we take the evidence favorable to the non-movant as true and indulge every reasonable inference
in favor of the non-movant. See Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). We do not consider evidence that favors the movant's position unless it is
uncontroverted. See Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391
S.W.2d 41, 47 (Tex. 1965). A defendant seeking summary judgment based on a plaintiff's
inability to prove its case must conclusively disprove at least one element of each of the plaintiff's
causes of action. See Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991). Because
the propriety of a summary judgment is a question of law, we review the trial court's decision de
novo. See Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). The question before this
Court is whether Killeen established as a matter of law that neither its acts nor its omissions were
a legal cause of Jones's injuries and death.

 It is undisputed that all of Hunt's causes of action require her to show that Killeen's
misrepresentation that the vehicle purchased by Jones was a 1994 Mazda MX-3 was either a
proximate or producing cause of Jones's injuries. Killeen has conceded for purposes of summary
judgment that it misrepresented the model year of the Mazda MX-3 to Jones and that this
misrepresentation influenced Jones's decision to purchase the vehicle. Notwithstanding, Killeen
contends that, as a matter of law, its misrepresentation cannot be causally linked to Jones's death
because her fatal accident occurred approximately a year and a half after the misrepresentation,
and because the nature of the misrepresentation--that the Mazda was a 1994 and not a 1993--was
unrelated to the circumstances of the accident. Hunt argues that Killeen has not established as a
matter of law a lack of causation between its acts or omissions and Jones's death. (8)

 Proximate cause is generally a question of fact for the jury to determine. See El
Chico Corp. v. Poole, 732 S.W.2d 306, 314 (Tex. 1987); Strakos v. Gehring, 360 S.W.2d 787,
792 (Tex. 1962). A lack of proximate cause may be established as a matter of law where the
evidence is without material dispute and the circumstances are such that reasonable minds could
not arrive at a different conclusion. See Missouri Pac. R.R. Co. v. American Statesman, 552
S.W.2d 99, 104 (Tex. 1977); Rodriguez v. Moerle, 963 S.W.2d 808, 819 (Tex. App.--San Antonio
1998, pet. denied). It may also be a question of law when the relationship between the plaintiff's
injuries and the defendant's acts or omissions is attenuated or remote. See Lear Siegler, 819
S.W.2d at 472. There may be more than one proximate cause of an event. See Travis v. City of
Mesquite, 830 S.W.2d 94, 98 (Tex. 1992).

 The elements of proximate cause are cause in fact and foreseeability. See
Prudential Ins. Co. v. Jefferson Assocs., Ltd., 896 S.W.2d 156, 161 (Tex. 1995). The test for
cause in fact is whether an act or omission was a substantial factor in bringing about injury that
would not otherwise have occurred. See id. (citing McClure v. Allied Stores of Tex., Inc., 608
S.W.2d 901, 903 (Tex. 1980)). Cause in fact is not shown if the defendant's negligence did no
more than furnish a condition that made the injury possible. See Doe v. Boys Clubs of Greater
Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995); Union Pump Co. v. Allbritton, 898 S.W.2d 773,
776 (Tex. 1995). "The evidence must go further, and show that such negligence was the
proximate, and not the remote, cause of resulting injuries . . . [and] justify the conclusion that
such injury was the natural and probable result thereof." Doe, 907 S.W.2d at 477 (quoting Boyd
v. Fuel Distribs., Inc., 795 S.W.2d 266, 272 (Tex. App.--Austin 1990, writ denied)). Even if the
injury would not have happened but for the defendant's conduct, the connection between the
defendant and the plaintiff's injuries may be too attenuated to constitute legal cause. See Union
Pump, 898 S.W.2d at 775. Whether a particular act or omission is a cause in fact of an injury
is a particularly apt question for jury determination. See Farley v. M.M. Cattle Co., 529 S.W.2d
751, 756 (Tex. 1975).

 Proximate cause also requires that the act or omission complained of have been
foreseeable. See Union Pump, 898 S.W.2d at 775. Foreseeability requires that a person of
ordinary intelligence should have anticipated the danger created by a negligent act or omission. 
See Doe, 907 S.W.2d at 478 (citing Nixon, 690 S.W.2d at 549-50). The particular accident need
not be foreseen, but the injury must be of such a general character as might reasonably have been
anticipated. See Nixon, 690 S.W.2d at 551. Foreseeability requires more than someone, viewing
the facts in retrospect, theorizing an extraordinary sequence of events whereby the defendant's
conduct brings about the injury. See Doe, 907 S.W.2d at 478 (citing Restatement (Second) of
Torts § 435(2) (1965)). The question of foreseeability, and proximate cause generally, involves
a practical inquiry based on "common experience applied to human conduct." Id. (citing City of
Gladewater v. Pike, 727 S.W.2d 514, 518 (Tex. 1987)). If foreseeability involves the resolution
of disputed facts or inferences, legal resolution is inappropriate. See Mitchell v. Missouri-Kan.-Tex. R.R. Co., 786 S.W.2d 659, 662 (Tex.), cert. denied, 498 U.S. 896 (1990). Foreseeability
may, in attenuated, remote circumstances, be determined by the court. See Lear Siegler, 819
S.W.2d at 472; Snellenberger v. Rodriguez, 760 S.W.2d 237, 238 (Tex. 1988).

 A producing cause is an efficient, exciting, or contributing cause, which in the
natural sequence of events, produces injuries or damages. See Brown v. Bank of Galveston, 963
S.W.2d 511, 514 (Tex. 1998) (citing Haynes & Boone v. Bowser Bouldin, Ltd., 896 S.W.2d 179,
182 (Tex. 1995)). Foreseeability is not a requirement of producing cause; rather, producing cause
requires that the conduct complained of must be a substantial factor in bringing about the
plaintiff's injuries. See id. There can also be more than one producing cause. See Rourke v.
Garza, 530 S.W.2d 794, 801 (Tex. 1976).

 All of the cases Killeen cites in support of its argument that causation is absent are
distinguishable from the circumstances presented here. See Doe, 907 S.W.2d at 478; Union
Pump, 898 S.W.2d at 776; Lear Siegler, 819 S.W.2d at 471. In Doe, the plaintiffs sought
damages based on the sexual molestation of minor boys by a man named Mullens, who had
worked as a volunteer at the Boys Club. See Doe, 907 S.W.2d at 476. The molestations occurred
on trips not sponsored by the Boys Club. The plaintiffs contended that the Boys Club was
negligent because a background check would have revealed a conviction for driving while
intoxicated. See id. The plaintiffs also argued that the Boys Club made several
misrepresentations that resulted in injury, including that the club provided a "wholesome
environment," that it "checked out" volunteers "thoroughly," and that Mullens "seemed to be
okay." See id. at 479.

 In holding that the Boys Club's conduct was not a cause in fact of the sexual
assault, the Doe court concluded that Mullens's presence at the club was not due to breach of any
duty to screen or investigate. See id. at 478. The court also observed that even if the alleged
misrepresentations were false, they did not induce the plaintiffs into doing business with the Boys
Club as the relationship between Mullens and the plaintiffs developed independently of the Club's
relationship with the plaintiffs. See id. at 481.

 The present case is distinguishable from Doe. Viewing the summary judgment
evidence in the light most favorable to the non-movant, Jones's decision to purchase the 1993
Mazda MX-3 from Killeen was influenced by Killeen's misrepresentation that the vehicle was a
1994 model. See Bekins Moving & Storage Co. v. Williams, 947 S.W.2d 568, 579 (Tex.
App.--Texarkana 1997, no pet.) (moving company's representations concerning methods and
procedures were made to obtain Williams's business and were thus cause in fact of damage to her
belongings). We also must indulge the reasonable inference that Jones believed her vehicle came
equipped with all the standard safety features of a 1994 model, including a driver's side air bag. (9) 
Based on the testimony of Dr. McCormick, which we must accept as true, the lack of an air bag
was a substantial factor in bringing about Jones's death. While it is true that, given a negligent
act and subsequent injury, it does not logically follow that "the two must be causally connected,"
see Doe, 907 S.W.2d at 481, Killeen has failed to establish conclusively that the causal connection
between its misrepresentation and Jones's death was broken in the manner that occurred in Doe. 

 The present case is also distinguishable from Union Pump and Lear Siegler. In
Union Pump, a fire erupted at a chemical plant when a pump manufactured by Union Pump
ignited. See 898 S.W.2d at 774. After the fire was extinguished, a problem arose with a nitrogen
purge valve, and two plant employees were instructed to block it off. When they returned from
the valve location along one of several alternate paths, one of the employees slipped and fell off
a pipe rack that allegedly was wet from fire-extinguishing liquids. The court concluded that, even
if the pump fire caused by Union Pump's product was a "philosophical" or "but for" cause of the
employee's injuries, "the forces generated by the fire had come to rest when [the employee] fell
off the pipe rack." Id. at 776.

 The court in Union Pump relied upon Lear Siegler as the standard for determining
the limits of legal causation. See id. at 775-76. In Lear Siegler, an employee of the Texas
Highway Department was driving a truck pulling a flashing warning sign behind a highway
maintenance vehicle to warn oncoming traffic. When the sign malfunctioned, the employee
stopped the truck and attempted to repair it. As he did so, the sleeping driver of an oncoming
vehicle struck the sign, which in turn struck the employee. The court, reasoning that the proper
operation of the sign would have had no effect on the sleeping driver, concluded that the sign's
malfunction was too remotely connected with the employee's injuries to constitute legal cause. 
See Lear Siegler, 819 S.W.2d at 472.

 In both Union Pump and Lear Siegler, legal causation was absent because the
defendant's negligence simply created a condition that drew the plaintiff to the scene of the
accident. The court in Union Pump concluded that the forces generated by the defendant's
negligence had come to rest at the time of the plaintiff's injury, while the injuries suffered by the
plaintiff in Lear Siegler were caused not by the defendant but by an independent and intervening
third party. The summary judgment proof in this case fails to establish as a matter of law that the
forces generated by Killeen's misrepresentation of the model year of the vehicle purchased by
Jones had come to rest when Jones suffered her fatal injuries. The danger associated with Jones's
erroneous belief that her vehicle possessed all the standard safety equipment of a new 1994 model
in no way dissipated between Jones's purchase and her fatal accident. See Samco Properties, Inc.
v. Cheatham, 977 S.W.2d 469, 477 (Tex. App.--Houston [14th Dist.] 1998, pet. denied)
(dangerous condition of Sam's Wholesale Club sign continued to exist at time electrician fell
through bottom of sign and sustained fatal injuries); Henry v. Houston Lighting & Power Co., 934
S.W.2d 748, 752 (Tex. App.--Houston [1st Dist.] 1996, writ denied) (crisis created when power
company's contractor severed underground gas line was on-going when repairman suffered
injuries evacuating the area). Moreover, Killeen's misrepresentation did not simply cause Jones
to be in the wrong place at the wrong time; rather, the misrepresentation directly led to Jones's
operation of the subject of the misrepresentation, a vehicle lacking an integral safety component. 
See Robinson v. Central Tex. MHMR Ctr., 780 S.W.2d 169, 171 (Tex. 1989); Overton Memorial
Hosp. v. McGuire, 518 S.W.2d 528, 529 (Tex. 1975). The summary judgment proof
demonstrates that Jones's death was directly related to the lack of a driver's side air bag. Finally,
there was no negligent third party, as in Lear Siegler, to disrupt the causal connection between
Killeen's misrepresentation and Jones's death. Because the circumstances of this case are
distinguishable from the cases relied upon by appellant, (10) we conclude that Killeen has failed to
establish conclusively that its misrepresentation was not a cause in fact of Jones's death. 

 Furthermore, Killeen has not established as a matter of law that Jones's death was
not a foreseeable consequence of the danger created by the misrepresentation. Killeen's general
manager acknowledged that the 1993 Mazda MX-3 sold to Jones was not equipped with a driver's
side air bag and that driver's side air bags are an important safety feature designed to prevent
injuries of the type sustained by Jones. Driving a vehicle without such a safety device poses a
foreseeable risk that a person of ordinary intelligence should anticipate. See Read v. Scott Fetzer
Co., 990 S.W.2d 732, 737 (Tex. 1998). While the particulars of Jones's one-car accident on a
highway in Louisiana might not have been foreseen, her injury was of such a general character
as might reasonably have been anticipated. See Nixon, 690 S.W.2d at 551.


CONCLUSION

 Because Killeen has failed to establish as a matter of law the absence of either
proximate or producing cause, we reverse the summary judgment granted in favor of Killeen and
remand the cause to the trial court. Having concluded that Killeen has failed to conclusively
disprove causation, the only element common to each of the plaintiff's causes of action, we need
not consider the other grounds raised in Killeen's motion for summary judgment.



 

 Jan P. Patterson, Justice

Before Justices Jones, Kidd and Patterson

Reversed and Remanded

Filed: December 16, 1999

Do Not Publish
1. Killeen filed special exceptions to Hunt'
s original petition. In special exception number
four, Killeen argued that Hunt did not have standing to sue in her individual capacity. Hunt
amended her petition to delete reference to suit as an individual, but the trial court's order
granting Killeen's motion for summary judgment does not reflect the amendment. While the
notice of appeal purports to perfect an appeal by Hunt individually and as administratrix of the
estate of Frandora Kaye Jones, Hunt acknowledges in her brief that she seeks relief from this
Court only in her capacity as administratrix of her daughter's estate.
2. Several forms signed by Jones and Killeen representatives at the time of the sale,
including the Buyer's Order form, the Mazda Cash Back Customer Incentive Program form, the
Odometer Disclosure Statement, and the New Vehicle Extended Service Agreement, recite that
the vehicle purchased by Jones was a 1994 Mazda MX-3.
3. Killeen objected to the affidavit of the insurance agent on the grounds that the insurance
policy attached to the affidavit was hearsay and of no probative value to any matter raised in
Killeen's motion for summary judgment. The trial court did not rule on this objection.
4. Because Hunt states in the final sentence of her brief affidavit that the owner's manual
was recovered "from the wreckage of my daughter's vehicle to the best of my knowledge and
belief," Killeen argues that the affidavit is defective because it fails to unequivocally represent that
it is based on personal knowledge. See Humphreys v. Caldwell, 888 S.W.2d 469, 470-71 (Tex.
1994) (affidavit that does not positively and unqualifiedly represent facts disclosed to be true and
within affiant's personal knowledge is legally insufficient). Killeen contends that since Hunt
added the word "belief" in the final sentence, she is not stating that the facts in that sentence are
based upon her personal knowledge. As a qualification to the last sentence, the language "to the
best of my knowledge and belief" does not deprive the affidavit--or even the sentence--of
evidentiary value. See Chambers v. Hermann Hosp. Estate, 961 S.W.2d 177, 187-88 (Tex.
App.--Houston [1st Dist.] 1996), rev'd on other grounds, 970 S.W.2d 542 (Tex. 1998), cert.
denied, 119 S. Ct. 546 (1999). In a summary judgment proceeding, we are required to indulge
all inferences of factual matters in favor of the non-movant, and adding "belief" to the final
sentence does not affirmatively show that Hunt did not have personal knowledge of the facts. 
Moreover, Hunt averred in the affidavit'
s jurat that she was "personally acquainted with the facts
herein stated." Finally, we reject Killeen's contention at oral argument that, although the trial
court did not rule upon Killeen's objections to the affidavits of Hunt and the insurance agent, a
finding that the affidavits were legally insufficient is implicit in the judgment. See Tex. R. App.
P. 38.1(e). 
5. The record indicates that Jones's 1993 Mazda MX-3 was equipped with seatbelts and
that she was wearing her seatbelt at the time of the accident.
6. Killeen has conceded that the statutory limitations period began to run on the date of
Jones's death, not on the date of its misrepresentation. Therefore, we need not consider the issue
of limitations.
7. In her appellate brief, Hunt labeled Killeen's motion for summary judgment a "no
evidence" motion. See Tex. R. Civ. P. 166a(i). Killeen acknowledged in its brief and at oral
argument that it moved for summary judgment on grounds that Hunt could not prevail on her
claims as a matter of law; thus, we will apply traditional summary judgment standards under
which Killeen must establish the absence of a genuine issue of material fact. See id. 166a(c).
8. Both parties also fully briefed the issue of whether Killeen had a duty to disclose to
Jones that the vehicle she purchased did not have an air bag. Duty is an element of Hunt's
negligence cause of action. See Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 477
(Tex. 1995) (cause of action for negligence consists of three elements: (1) legal duty owed by one
party to another; (2) a breach of that duty; (3) damages proximately caused by that breach). 
Because the issue of whether Killeen owed Jones a duty of disclosure impacts only one cause of
action, we need not address it to resolve this appeal.
9. Causation does not have to be supported by direct evidence; circumstantial evidence and
inferences drawn therefrom will sufficiently support a finding of causation. See Havner v. E-Z
Mart Stores, Inc., 825 S.W.2d 456, 459 (Tex. 1992); City of Gladewater v. Pike, 727 S.W.2d
514, 518 (Tex. 1987). The trier of fact is afforded broad latitude to infer proximate cause from
the evidence and circumstances surrounding an accident, especially when it is not possible to
produce direct proof of proximate cause. See Harris v. Laquinta-Redbird Joint Venture, 522
S.W.2d 232, 236 (Tex. Civ. App.--Texarkana 1975, writ ref'd n.r.e.). 
10. Killeen also relies upon Prudential Insurance Co. v. Jefferson Associates, Ltd., 896
S.W.2d 156, 161 (Tex. 1995)
. In Prudential, the purchaser of a building sued the seller for
negligence, fraud, and DTPA violations based on an alleged misrepresentation. Because the court
based its conclusion that the buyer's injury could not have been caused by the seller's
misrepresentation on the existence of an "as is" provision in the contract, we find the case
inapplicable.



cted to the affidavit of the insurance agent on the grounds that the insurance
policy attached to the affidavit was hearsay and of no probative value to any matter raised in
Killeen's motion for summary judgment. The trial court did not rule on this objection.
4. Because Hunt states in the final sentence of her brief affidavit that the owner's manual
was recovered "from the wreckage of my daughter's vehicle to the best of my knowledge and
belief," Killeen argues that the affidavit is defective because it fails to unequivocally represent that
it is based on personal knowledge. See Humphreys v. Caldwell, 888 S.W.2d 469, 470-71 (Tex.
1994) (affidavit that does not positively and unqualifiedly represent facts disclosed to be true and
within affiant's personal knowledge is legally insufficient). Killeen contends that since Hunt
added the word "belief" in the final sentence, she is not stating that the facts in that sentence are
based upon her personal knowledge. As a qualification to the last sentence, the language "to the
best of my knowledge and belief" does not deprive the affidavit--or even the sentence--of
evidentiary value. See Chambers v. Hermann Hosp. Estate, 961 S.W.2d 177, 187-88 (Tex.
App.--Houston [1st Dist.] 1996), rev'd on other grounds, 970 S.W.2d 542 (Tex. 1998), cert.
denied, 119 S. Ct. 546 (1999). In a summary judgment proceeding, we are required to indulge
all inferences of factual matters in favor of the non-movant, and adding "belief" to the final
sentence does not affirmatively show that Hunt did not have personal knowledge of the facts. 
Moreover, Hunt averred in the affidavit's jurat that she was "personally acquainted with the facts
herein stated." Finally, we reject Killeen's contention at oral argument that, although the trial
court did not rule upon Killeen's objections to the affidavits of Hunt and the insurance agent, a
finding that the affidavits were legally insufficient is implicit in the judgment. See Tex. R. App.
P. 38.1(e). 
5. The record indicates that Jones's 1993 Mazda MX-3 was equipped with seatbelts and
that she was wearing her seatbelt at the time of the accident.
6. Killeen has conceded that the statutory limitations period began to run on the date of
Jones's death, not on the date of its misrepresentation. Therefore, we need not consider the issue
of limitations.
7. In her appellate brief, Hunt labeled Killeen's motion for summary judgment a "no
evidence" motion. See Tex. R. Civ. P. 166a(i). Killeen acknowledged in its brief and at oral
argument that it moved for summary judgment on grounds that Hunt could not prevail on her
claims as a matter of law; thus, we will apply traditional summary judgment standards under
which Killeen must establish the absence of a genuine issue of material fact. See id. 166a(c).
8. Both parties also fully briefed the issue of whether Killeen had a duty to disclose to
Jones that the vehicle she purchased did not have an air bag. Duty is an element of Hunt's
negligence cause of action. See Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 477
(Tex. 1995) (cause of action for negligence consists of three elements: (1) legal duty owed by one
party to another; (2) a breach of that duty; (3) damages proximately caused by that breach). 
Because the issue of whether Killeen owed Jones a duty of disclosure impacts only one cause of
action, we need not address it to resolve this appeal.
9. Causation does not have to be supported by direct evidence; circumstantial evidence and
inferences drawn therefrom will sufficiently support a finding of causation. See Havner v. E-Z
Mart Stores, Inc., 825 S.W.2d 456, 459 (Tex. 1992); City of Gladewater v. Pike, 727 S.W.2d
514, 518 (Tex. 1987). The trier of fact is afforded broad latitude to infer proximate cause from
the evidence and circumstances surrounding an accident, especially whe