IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00004-CV

 

Samuel Gonzalo Olivieri a/k/a 

Samuel Gonzalo Olivieri Delgado,

                                                                      Appellant

 v.

 

Alberto Jose Pereney Antoni a/k/a 

Alberto Pereney Antoni,

                                                                      Appellee

 

 



From the 278th District Court

Leon County, Texas

Trial Court No. NOT-02-209A

 



MEMORANDUM  Opinion










 

      Antoni sued Olivieri on a
sworn account for liquidated damages for breach of contract.  See Tex. R. Civ. P. 185.  The trial court
rendered summary judgment in favor of Antoni.  Olivieri appeals.  We reverse.

      In Olivieri’s one issue, he
contends that the trial court erred in granting Antoni’s motion for summary
judgment.  In a traditional summary-judgment motion, “[t]he judgment sought
shall be rendered forthwith if” the summary-judgment evidence “show[s] that
. . . there is no genuine issue as to any material fact and the
moving party is entitled to judgment as a matter of law
. . . .”  Tex. R. Civ. P.
166a(c); see Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); Snellenberger v. Rodriguez, 760 S.W.2d 237, 239 (Tex. 1988); see also
W. Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005).  “In reviewing a
summary judgment, we consider the evidence in the light most favorable to the
non-movant and resolve any doubt in the non-movant’s favor.”  W. Invs. at
550; accord Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

      Antoni attached to his motion
a purported contract between Antoni and Olivieri.  In Olivieri’s response to
Antoni’s motion, Olivieri attached his affidavit, which stated, “I never
executed the” contract “and any signature thereon purporting to be my signature
is a forgery.”  (C.R. at 41.)  Olivieri argues that his affidavit raised a fact
issue that prevented summary judgment on the contract.  Antoni argues that
Olivieri’s affidavit constituted a self-serving affidavit of an interested
witness and thus could not establish facts (citing Tex. R. Civ. P. 166a(c); McIntyre v. Ramirez, 109
S.W.3d 741, 749 (Tex. 2003)).  Antoni points out that the purported contract
was notarized by the same notary public who notarized an earlier contract
between the parties.  “[T]he testimony of an interested witness, such as a
party to the suit,” may, however, “raise a fact issue to be determined by the
jury.”  Ragsdale v. Progressive Voters League, 801 S.W.2d 880, 882 (Tex. 1990) (per curiam) (quoting Cochran v. Wool Growers Cent. Storage Co., 140 Tex. 184, 191, 166 S.W.2d 904, 908 (1942)); accord Lofton v. Tex. Brine Corp., 777
S.W.2d 384, 386 (Tex. 1989); cf. Tex.
R. Civ. P. 166a(c), (f); New Times, Inc. v. Isaacks, 146 S.W.3d
144, 164 (Tex. 2004), cert. denied, 545 U.S. 1105 (2005); Tricho
Techs. Corp. v. Montiel, 949 S.W.2d 308, 310 (Tex. 1997) (per curiam); Casso
v. Brand, 776 S.W.2d 551, 558 (Tex. 1989).  Considering the
summary-judgment evidence in the light most favorable to Olivieri, we hold that
the evidence raises a genuine issue of material fact as to the execution of a
contract.  We sustain Olivieri’s issue.

      Having
sustained Olivieri’s issue, we reverse and remand.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

Reversed and remanded

Opinion delivered and filed January 17, 2007

[CV06]






at consent was freely and voluntarily given.  Id.; Conde,
135 S.W.3d at 255.  While we give almost total deference to the trial court’s
determination of facts, we review de novo the trial court’s application of the
law.  Id.; Conde, 135 S.W.3d at 255.

          At trial, Officer Whitlock testified
that both Hasty and Dearl gave oral consent to search the home.  At the
pretrial hearing on the motion to suppress, however, he testified that although
he asked both Hasty and Dearl if he could search, he did not remember Hasty
giving consent.  Dearl signed the consent form.  Hasty argues that Dearl had no
authority to consent to a search of Hasty’s house because the house belonged to
her, she and Dearl were separated, and Dearl no longer resided in the house.

          The State argues that Dearl had
“common authority” to consent to the search.  A third party may properly consent
to a search when he or she has equal control over and authority to use the
premises being searched.  Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002).  Common authority derives from the mutual use of the property “that
leads to a finding that a third party has the right to permit the inspection of
the relevant property and that others with an equal or greater interest in the
property have assumed the risk that, through the grant of permission to use,
the third party might permit the property to be searched.”  Id.  We do
not find sufficient evidence that Dearl had equal control over the property and
authority to use the premises to support a finding that he had common authority
to consent to the search.

          Alternatively, the State argues that
Dearl had apparent authority to consent to the search.  The “apparent
authority” doctrine holds that a warrantless entry by law
enforcement officers onto a person's premises does not violate the proscription
against unreasonable searches and seizures under the Fourth Amendment when the
entry is based upon the consent of a third party whom the officers, at the time
of entry, reasonably believed to possess common authority over the premises,
but who in fact did not have such authority.  Illinois v. Rodriguez,
497 U.S. 177, 188, 110 S.Ct. 2793, 2797, 111 L.Ed.2d 148 (1990).  Officer
Whitlock testified that prior to approaching the residence he had information
from confidential informants that Dearl lived with Hasty at the residence. 
Dearl was asleep in the home when the officers arrived.  Whitlock testified
that Dearl said that he lived there.  Hasty and Dearl were sitting on the couch
together when Whitlock went over the consent form and asked Dearl to sign it. 
Hasty never refuted Dearl’s authority to give consent.  Under these
circumstances, it was reasonable for the officers to conclude that Dearl had
authority to consent to the search.  The trial court did not abuse its
discretion by overruling Hasty’s motion to suppress.  We overrule this issue.

Motion to Suppress: Videotape

          Hasty argues that the trial court
erred in denying her motion to suppress her videotaped statement because that
statement was taken in violation of her Sixth Amendment right to counsel.  We
do not need to reach the issue of whether the trial court abused its discretion
in overruling the motion to suppress, because Hasty waived her right to
complain on appeal by introducing the videotaped statement as evidence at
trial.  Rodriguez v. State, 919 S.W.2d 136, 138 (Tex. App.—San Antonio
1995, no pet.) (citing Decker v. State, 717 S.W.2d 903, 908 (Tex. Crim.
App. 1983)).  Hasty offered the videotape into evidence and published it to the
jury.  When a defendant offers her confession as evidence at trial, any
objection to the admission of such evidence is waived.  Id.  We overrule
this issue.




Improper Argument

          Hasty’s third issue argues that the
trial court erred in denying her motion for mistrial regarding improper jury
argument.  During closing argument, the prosecutor stated, regarding the
possession count:  “Now, if just for argument’s sake, and it’s not a good
argument, if she’s not the methamphetamine cook, she let it happen at her house
didn’t she?  See, more than one person can be arrested for the same offense. 
Called the law of parties in the State of Texas.”  Defense counsel objected on
the basis that the jury was not charged with the law of parties.  The trial
court sustained the objection.  Defense counsel did not request an
instruction.  Defense counsel then asked for a mistrial, which the trial court
denied.

To show that the trial court erred in
denying the motion for a mistrial, Hasty must show that an instruction to
disregard would have been inadequate to cure the prejudicial effect of the
allegedly improper argument.  See Long v. State, 823 S.W.2d 259, 267
(Tex. Crim. App. 1991) (Reversal
results from improper prosecutorial argument only when the argument is extreme,
manifestly improper, injects new and harmful facts into the case or violates a
mandatory statutory provision and is thus so inflammatory that its prejudicial
effect cannot reasonably be cured by judicial instruction to disregard
argument.).  Following an objectionable argument, an
instruction by the court to disregard the comment will normally obviate the
error, unless the remark is so inflammatory that its prejudicial effect cannot
reasonably be removed by such an admonishment.  Cooks v. State,
844 S.W.2d 697, 727 (Tex. Crim. App. 1993).  We find that the State’s argument
was not so prejudicial that its effect could not have been cured by a judicial
instruction.  The trial court thus did not err in denying the motion for
mistrial.  We overrule the third issue.

Hasty’s fourth issue argues that the trial court
erred in overruling her objection regarding another jury argument.  During
closing arguments, the prosecutor told the jury: “Fingerprints, I will tell you
that as [defense counsel] said, both sides of a case have the ability to
subpoena witnesses.  That is true.  Defense side also has the ability to request
for any scientific test that they want.  [Defense counsel] wants that thing
fingerprinted, he could have done it.”  Defense counsel objected that the
prosecution’s argument shifted the burden of proof to the defense.  The
prosecutor argued that he was responding to defense counsel’s prior argument. 
The trial court overruled the objection.

A proper jury argument must fall within one of
four general areas: (1) summation of the evidence; (2) reasonable deduction
from the evidence; (3) answer to argument of opposing counsel; and (4) plea for
law enforcement.  Guidry v. State, 9 S.W.3d 133, 154 (Tex. Crim. App.
1999).  Hasty argues that the prosecutor’s argument did not fall into any of
these areas.  Assuming without deciding that Hasty’s argument on appeal comports
with her objection at trial, we find no abuse of discretion by the trial court
in overruling the objection.  Defense counsel argued at trial that if the State
had fingerprinted the evidence it had collected the results would have shown
that persons other than Hasty were responsible for cooking methamphetamine on
her property.  Thus the trial court could have found that the prosecution’s
argument was an answer to defense counsel’s argument.  We overrule this issue.




CONCLUSION

          Having overruled the issues, we affirm
the judgment.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

          (Chief
Justice Gray concurring)

Affirmed

Opinion
delivered and filed August 17, 2005

Do
not publish

[CRPM]